Petitioner, Ema Elder, sued respondent, Panhandle Stages *Page 640 
Shuttle Service, for damages for personal injuries sustained by her when she was struck and knocked to the pavement by a bus owned by it and being operated by Roy McBride. Upon a finding by the jury that her own negligence contributed to her injuries, judgment was rendered that she take nothing. That judgment was affirmed by the Court of Civil Appeals. 189 S.W.2d 762.
The controlling question for decision is whether the trial court erred in refusing to submit issues requested by petitioner on the theory of discovered peril. The accident occurred early on the morning of February 3, 1944, at the intersection of Northeast Eighth and Williams Street in the City of Amarillo. Northeast Eighth Street runs east and west and is a thoroughfare leading from downtown Amarillo to Amarillo Army Air Field and the Pantex Ordnance Plant. The paved portion thereof is divided into three traffic lanes marked by stripes painted on the pavement. Petitioner entered the intersection with the intention of crossing Northeast Eighth Street from south to north. Her purpose was to board an intracity bus at a point on the north side of the street designated as a bus stop. Petitioner's busses were engaged in transporting passengers between the city and the Army Air Field and not in transporting passengers between points within the city. They did not make use of the bus stop.
The opinion of the Court of Civil Appeals makes this clear statement of the facts and circumstances surrounding the accident: "Before entering the intersection appellant (petitioner) looked to the west and to the east along Northeast Eighth Street. To the west she saw an automobile moving eastward in the south lane, and to the east another automobile proceeding westward in the north lane; she saw no other cars. Appellant estimated that both vehicles were one hundred to one hundred fifty feet from the intersection and traveling at a speed of twenty-five to thirty miles per hour. After entering the intersection appellant kept her lookout to the west until she crossed the south traffic lane, observed that the center lane was clear both to the west and the east, and then, with her lookout to the east, proceeded across the center lane to a point about two feet south of its north boundary. There she stopped with the intention of permitting the westbound vehicle (a bus belonging to appellee) to pass in front of her before she went on to the bus stop. A second or two after she had stopped, appellant was struck by the left rear side of an eastbound bus belonging to appellee. This bus was passing the car which appellant had noticed in the south lane of the street as she entered the intersection. Appellant freely testified that she never saw the bus which struck her. She *Page 641 
thought the westbound bus passed her at about the time she was struck."
In answer to special issues the jury found that Roy McBride, the driver of the truck which struck petitioner, was negligent in three particulars, each of which acts of negligence was a proximate cause of her injuries. The jury further found that petitioner failed to keep such a lookout for traffic as would have been kept by a person of ordinary prudence under the same or similar circumstances, which failure was also a proximate cause of her injuries. Upon that verdict the trial court rendered judgment that petitioner take nothing.
The bus traveling in the opposite direction from the one which struck petitioner was being operated at the time by R.D. Ellerd. It is petitioner's position that Ellerd discovered her perilous position in time to have averted her injuries. That had he either brought his bus to a stop or driven the same off onto the shoulder as soon as he realized her perilous position she would have walked on in the direction in which she had been going across the street and by so doing would have avoided being struck by the bus operated by McBride. Before the case was submitted to the jury there were prepared in her behalf various special issues with respect to these matters framed in conformity with the theory of liability on the ground of discovered peril. The trial judge refused to submit these requested issues to the jury and the controlling question for decision here is whether or not he erred in so doing. Stated differently, this case turns upon the sole question of whether this record affords any basis for the application of the doctrine of discovered peril.
1 Petitioner admittedly cannot recover damages on account of the negligence of Roy McBride, the driver of the bus which struck her and produced her injuries. This because, although he was negligent in at least three particulars, as found by the jury, each of which was a proximate cause of her injuries, she herself was negligent in failing to keep a proper lookout and that negligence proximately contributed to her injuries. Her position is that, although she has no cause of action against the party whose negligence proximately caused her injuries, she nevertheless has a cause of action against Ellerd, the driver of the other bus, under the doctrine of discovered peril although his bus did not strike her or in any manner injure her, an although he was driving at a lawful rate of speed in the proper lane when she placed herself in a position of peril. *Page 642 
2 It is true that the plaintiff did not sue either McBride, the driver of the bus which struck her, or Ellerd, the driver of the other bus which was going in the opposite direction, but if the respondent, the owner of the busses, is to be charged under the doctrine of discovered peril, its liability exists because of the failure of Ellerd to exercise the care required of him under that doctrine upon the discovery by him of the perilous position of the plaintiff. If the respondent is liable, then, of course, Ellerd would be liable. It is proper then to consider this case just as if Ellerd were the defendant and it was sought to hold him liable for the injuries inflicted by McBride. The case cannot be treated as one in which two or more employees of a defendant are engaged in the operation of a single instrumentality. The situation is not comparable to that of different members of a crew on a railroad train where each is charged with some responsibility for preventing injuries to a third person by the method of operating the train The two buses here involved are independent instrumentalities and are liability of the driver of each must arise from his own negligence and not from the negligence of the other.
We are referred to no case and are aware of none which holds that the doctrine of discovered peril is applicable in a situation like that here presented where the injured person was not in danger from, and not touched by, the vehicle or instrumentality controlled by the defendant sought to be charged under that doctrine. Ellerd did not injure petitioner. His bus never touched her.
In McLaughlin v. Los Angeles Ry. Corporation, 180 Calif. 527,182 P. 44, the Supreme Court of California considered a case almost identical in facts with the instant one. In that case, as here, a woman was negligent in undertaking to cross a street on which two street cars were traveling in opposite directions. The operator of the street car corresponding to the bus driven by Ellerd in this case realized the perilous position in which the plaintiff was placed and brought his car to a stop. She nevertheless was struck by the other street car, which corresponds to the bus driven by McBride in this case. It was sought to predicate liability under the doctrine of discovered peril, known in that state as the doctrine of last clear chance, on the ground that the operator of the car which stopped and did not strike the plaintiff failed to use all the means at his command to prevent injury. The question presented with reference to the applicability of that doctrine was identical with that before us and in disposing thereof the court used this language: "It being conceded that the deceased was negligent, the negligence of the westbound motorman can justify the judgment only upon the theory *Page 643 
that he, as well as the east-bound motorman, had a last clear chance to avoid injuring the deceased. It would be without precedent, so far as we are aware, to apply the doctrine of `last clear chance,' where, as here, the injured person was never in danger from, and not touched by, the instrumentality over which the individual charged with negligence had control. Conceding that the west-bound motorman did have a last clear chance of avoiding injuring the deceased, the fact remains that he did avoid injuring her. She was imperiled in the first instance, and ultimately injured and killed, by the impact of the east-bound car."
The only authority cited in the application in support of the contention that the doctrine of discovered peril is applicable, is Central Texas N.W. Ry. Co. v. Gibson, 83 S.W. 862. In that case a horse-drawn carriage was struck at a railroad crossing on a public street in Waxahachie by a box car which was being negligently kicked across the street with no engine attached and one of the occupants of the carriage sued for damages for the injuries sustained in the collision. There was evidence that a brakeman on top the box car and other employees of the company at or near the crossing failed to use all the means at their command after discovering the perilous situation of the plaintiff to prevent the collision. The Court of Civil Appeals held that the facts raised an issue of liability on the doctrine of discovered peril and that the charge on that issue was not erroneous. Writ of error was granted by this court to review that last holding but it was found upon further examination that there was no assignment of error presenting the question concerning discovered peril as to which the court had some doubt and that question was therefore not reviewed or decided. 99 Tex. 98, 87 S.W. 814. We are not advised by the opinion what elements of the charge were questioned by this court. It seems clear that the evidence with respect to the brakeman on top the car raised the issue of discovered peril. What the duties of the other employees were and whether the charge dealt therewith we do not know. We do know that there was a question in the mind of this court on some phase of the charge on discovered peril which was left undecided. That case is therefore not to be regarded as an authority in support of petitioner's position.
We have made no holding herein which would exonerate Ellerd from the consequences of his own negligence, should the facts raise an issue thereon. It is not claimed that he willfully or intentionally bottled up petitioner to prevent her escape. Should the evidence raise the issue that he negligently did so, a question not necessary for decision, then that would be an act of primary negligence and not an act so different in quality *Page 644 
from the acts of McBride that the defense of contributory negligence on the part of petitioner, which is available to McBride, would not be available to him, Ellerd. What we hold is that the doctrine of discovered peril should not be extended to cover a case of this nature.
It is our view that the trial court did not err in refusing to submit the requested issues, and that the Court of Civil Appeals did not err in upholding its ruling. The case is therefore affirmed.
Opinion delivered March 13, 1946.
Rehearing overruled April 10, 1946.