**KENNEDY et ux. v. WICHITA PRO-DUCTION CO.**

No. 15254.

Court of Civil Appeals of Texas.
Fort Worth.

July 13, 1951.

Rehearing Denied Sept. 21, 1951.

Edwin Luecke and Kearby Peery, both of Wichita Falls, for appellant.

Wallace N. Masters and O. R. Tipps, both of Wichita Falls, for appellee.

RENFRO, Justice.

This suit was brought by James L. Kennedy and wife against the Wichita Production Company for damages growing out of an automobile collision between the Kennedy car and a car driven by Ben J. Jones, agent of the defendant. The case was tried in a district court of Wichita County before a jury. The jury acquitted the defendant's driver of all acts of primary negligence and found the plaintiff Kennedy guilty of several acts of contributory negligence. The court also submitted issues to the jury under the doctrine of discovered peril. In issues 8, 9 and 10, the jury found that prior to the collision, plaintiff Kennedy was in a perilous position; that Ben Jones discovered the perilous position of Kennedy and that Ben Jones realized that Kennedy would not be able to extricate himself from his perilous position. Issues 11 and 12 are set out in full for the reason that plaintiffs below, appellants herein, base their appeal upon the contention that Nos. 11 and 12 are in conflict and that the court erred in entering judgment for the defendant and in not setting aside the verdict and granting plaintiffs a new trial. The issues are as follows:

"Do you find from a preponderance of the evidence that such discovery by Ben Jones of plaintiff's perilous position, if any, and such realization, if any, that the plaintiff would probably not be able to extricate himself therefrom, was made in sufficient time, whereby in the exercise of ordinary care, in the use of all the means at his command, consistent with the safety of himself and his automobile, he could have avoided the collision? Answer 'Yes' or 'No'. Answer Yes.

"Special Issue No. 12. If you have answered the foregoing issue 'Yes' then you will answer the following, but if you have answered the same 'No' then you will not answer the following issue:

"Do you find from a preponderance of the evidence that after such discovery, if any, and such realization, if any, inquired about in the preceding issue, Ben Jones failed to exercise ordinary care in the use of all the means at his command, consistent with the safety of himself, his son and his automobile, to avoid the collision? Answer 'He failed' or 'He did not fail.' Answer: He did not fail."

Appellee, defendant below, in addition to contending that no conflict existed between issues 11 and 12 presented by counterpoint that discovered peril was not supported by the evidence and no issues should have been submitted to the jury upon discovered peril. The law is well

settled that three essential elements are necessary in making out liability under discovered peril: first, the exposed condition brought about by negligence of the plaintiff; second, the actual discovery by defendant of his perilous situation in time to have averted, by use of all means at his command, commensurate with his own safety, injury to him; and, third, the failure thereafter to use such means. Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112, adopted by the Supreme Court; Baker v. Shafter, Tex. Com.App., 231 S.W. 349; Sisti v. Thompson, Tex.Sup., 229 S.W.2d 610; Texas Electric Service Co. v. Kinkead, Tex.Civ.App., 84 S.W.2d 567, writ dismissed.

The above cases are authorities for the proposition that the means used by a driver to avoid an accident after discovering the perilous position of another must be consistent with his own safety and that of his passengers and his vehicle. In the case before us, the jury found that the driver for the defendant discovered the peril of the plaintiffs in time that he could have avoided the accident by the use of ordinary care in the use of all means at his command, consistent with the safety of himself and his automobile, but in issue No. 12 the jury found that he did not fail to exercise ordinary care in the use of all the means at his command consistent with the safety of himself, *his son* and his automobile. In Turner v. Texas Co., supra, almost identical issues were submitted to the jury, in that, in issue No. 1 the jury was asked if the driver observed the truck as he approached the same and knew and realized the perilous position of said truck and its occupant and knew and realized such facts at a time when by the use of the means at hand and due regard for his own safety and the safety of his automobile and the contents thereof, he could have avoided the collision by the *exercise of ordinary care,* and in the following issue, the jury was asked if the driver of the automobile failed to exercise ordinary care to use the means at hand to avoid the collision. The Supreme Court expressly stated that the trial court correctly submitted as a separate issue the question whether the driver, after the discovery of plaintiff's peril, failed to exercise ordinary care. The court held that each of the elements of discovered peril should be submitted separately as a special issue.

The appellants, plaintiffs below, had the burden of proving the elements of discovered peril. We do not believe that issue No. 11 asking the jury if the defendant's agent Jones discovered the perilous position of the plaintiff in time to have avoided the accident by the exercise of ordinary care, consistent with the safety of himself and his automobile, fully presented to the jury the question of the negligence of the defendant's driver from the time of the discovery until the actual collision. The jury was entitled to take into consideration all the circumstances and surroundings confronting defendant's driver from the time of the discovery until the moment of the collision in determining whether he exercised ordinary care during such interval. We therefore conclude that issue No. 12 wherein the jury found that the driver, Ben Jones, did not fail to exercise ordinary care in the use of all the means at his command consistent with the safety of himself, his son and his automobile to avoid the collision is not in conflict with issue No. 11. The appellants' points of error are overruled.

The defendant below, appellee herein, by counterpoint contends that the undisputed evidence shows there was no proper issue of discovered peril involved in the case and the submission of such issues is immaterial. We believe the point is meritorious and should be sustained. The evidence viewed most favorably for the plaintiffs is not of sufficient probative value to invoke the doctrine of discovered peril. The weather was clear and the sun was shining. For fifteen miles the plaintiff Kennedy knew that he was approaching a dangerous bridge, yet he approached the bridge at a speed of from 35 to 40 miles per hour. The bridge was more than 2000 feet long and 15 feet wide and the defendant's driver was about 500 feet from the west end of the bridge, traveling west toward the plaintiffs when the

plaintiffs first saw the defendant's car. At the time Kennedy saw defendant's car, plaintiffs were approaching the bridge and were still 150 feet from it. Kennedy testified that defendant's car was coming at an angle and over the center line, but pointed toward the right side. Kennedy testified that the defendant's car was trying to get straightened out; that he, Kennedy, had gone about 85 feet on the bridge when the collision occurred; that he was not blinded by the sun; that Jones' honking would not have made any difference to him for he was sometimes looking at the car and sometimes looking at the road; that Jones was trying to straighten up all of the time; at another point in his testimony, he said, "what I am trying to impress upon you is the fact that Mr. Jones did not have a thing to do with the angling or straightening out of the car; that it was because it was in a skid." Ben Jones' testimony was to the effect that he slowed down to enter the bridge because it was a dangerous bridge; that he was 400 to 500 feet from the west end when he saw the plaintiffs and that he then slowed down and pulled over. He testified that he brought his car to a halt as soon as he could and as far over to his right as the bridge railing would permit. His son Bobby Jones, 19 years of age at the time of the collision, also testified that his father "got over on our side, put the brakes on gradually so as not to skid and were almost stopped at the time of the collision." That as soon as he saw the car, his father braked and stopped or slowed to as much as five miles per hour.

The valid and controlling issue in every case of discovered peril is whether the perilous position of the plaintiff is discovered in time to avoid the injury by the use of all means at hand.

■ The conduct of the person held liable by application of the doctrine of dis-covered peril approaches that of a deliberate or conscious wrongdoer. Elder v. Panhandle Stages Shuttle Service, 144 Tex. 638, 193 S.W.2d 170.

The driver should not be held responsible under the doctrine of discovered peril where there is no evidence which tends to show that he could have done otherwise than he did in order to avert the collision. Responsibility on the part of the driver is established by the fact that, having perceived the victim in or nearing the path of the vehicle, he did not promptly resort to means for averting the collision. It must be shown that he did not resort to a preventive measure which was available to him and which would have been effectual. The plaintiff must show that the driver of the other vehicle, after having become aware that a collision was imminent, had time within which to control the movements of his vehicle. The driver of the other vehicle is not responsible where there is no evidence which tends to show that he could have done otherwise than he did in order to avoid the collision.

■ In our opinion, there is no evidence of probative value in the record showing that Jones, the driver of defendant's car, could have done anything that he failed to do in order to avert the collision and there is no evidence of probative value that he did anything that he should not have done prior to the collision.

■ The evidence as a whole shows conclusively a case of primary negligence to be decided by the jury and the issues on discovered peril should not have been submitted to the jury. We think the judgment should be affirmed by reason of the grounds set up in appellee's counterpoint regardless of the jury's findings on discovered peril.

Finding that the correct judgment was rendered in the case, we affirm the judgment of the trial court.