Adolfo SERNA et al., Appellants,

v.

M. T. COCHRUM et al., Appellees.

No. 12961.

Court of Civil Appeals of Texas.

San Antonio.

April 11, 1956.

Rehearing Denied May 16, 1956.

Lloyd & Lloyd, Alice, for appellants.

Perkins, Floyd & Davis, Kenneth Oden, Alice, Dean B. Kirkham, Corpus Christi, for appellees.

## W. O. MURRAY, Chief Justice.

This suit was instituted under the Declaratory Judgments Act, Article 2524–1, Vernon's Ann.Civ.Stats., by Adolfo Serna and Amadeo Lozano in the District Court of Jim Wells County, against M. T. Cochrum, Ursino Rangel and State Automobile Insurance Association, seeking to have the plaintiffs relieved of all liability growing out of a three-way collision upon Highway No. 44, leading from San Diego to Freer in Duval County, Texas. Involved in the three-way collision were a Jeep, owned and driven by Ursino Rangel, a Farm Tractor, driven by Amadeo Lozano and owned by Adolfo Serna, and a Mercury Sedan, owned and driven by M. T. Cochrum. The Jeep was being driven in a westerly direction and was going toward the town of Freer, while the Mercury and the Farm Tractor were both being driven in an easterly direction, toward the town of San Diego.

The defendant Cochrum answered and, among other things, set up a cross-action against the plaintiffs and Ursino Rangel. Rangel answered setting up, among other things, a cross-action against plaintiffs and M. T. Cochrum.

The cause was submitted to a jury upon some fifty-three special issues and judgment was rendered upon the verdict of the jury that defendant and cross-plaintiff M. T. Cochrum recover of plaintiffs and cross-defendants, Adolfo Serna and Amadeo Lozano, the sum of $7,975.70, and further that defendant and cross-plaintiff Ursino Rangel recover from plaintiffs and cross-defendants, Serna and Lozano, the sum of $6,902.-60, and that Serna and Lozano take nothing by their suit. All relief not granted was denied. Serna and Lozano have prosecuted this appeal.

Instead of referring, each time it becomes necessary to do so, to the owners and operators of the vehicles involved herein, we will simply refer to Jeep, Mercury and Tractor. As heretofore pointed out, this suit was instituted by Tractor against Jeep and Mercury and also against the insurance carrier of Mercury, seeking a declaratory judgment of nonliability on the part of Tractor. Jeep had previously filed a damage suit against Tractor and Mercury in the District Court of Duval County, the county in which the collision occurred, but shortly thereafter dismissed it. Then Tractor filed this suit in Jim Wells County, where Mercury and the Insurance Company had a domicile.

After the trial court had passed upon a number of exceptions, and after Mercury and Jeep had filed cross-actions seeking damages against each other and also against Tractor, Mercury made a motion that the parties be aligned in their alleged true positions, so that Mercury and Jeep be primarily regarded as plaintiffs and that Tractor be primarily regarded as a defendant. The trial court ruled that it would temporarily hold the parties as they then were, but expressed a belief that the parties would be re-aligned before the case was over. The evidence was introduced without the parties being re-aligned, but when the charge was submitted to the jury the court submitted the case as though it was an ordinary damage suit with Mercury and Jeep as plaintiffs and Tractor as defendant. He gave to Mercury and Jeep the right to open and conclude the argument.

In this action we find no error. Tractor was permitted to institute its declaratory judgment action, thus selecting the forum and the time of commencing the suit, but after all of the parties were before the court and after cross-actions were filed by Mercury and Jeep there was no longer any necessity for a declaratory judgment. If Mercury and Jeep recovered or failed to recover on their cross-actions, the question of liability of Tractor would be forever settled and any judgment declaring the

liability or non-liability of Tractor would have been surplusage.

If the court had first submitted to the jury the issues with reference to the declaratory suit, it would have had to submit the issues of negligence vel non on the part of all the parties with the burden of proof upon Tractor, and then submit the issues raised by the cross-actions, with the burden of proof on all issues of primary negligence and amount of damages placed on Mercury or Jeep, and the burden of proof as to contributory negligence on the part of Mercury and Jeep placed on Tractor. It can readily be seen that under the circumstances the declaratory judgment features of the lawsuit had become moot and thus there was no necessity for submitting any issues with reference to it.

■ The trial court submitted the case to the jury as though Mercury and Jeep were the plaintiffs and Tractor the defendant, as in an ordinary damage suit, and in doing so he correctly submitted the case and properly placed the burden of proof. This being true, he did not err in allowing Mercury and Jeep to open and conclude the argument. Anderson on Declaratory Judgments, 2d Ed., Vol. 2, p. 871, § 373, and p. 881, § 375. See also, Preferred Accident Ins. Co. of New York v. Grasso, 2 Cir., 186 F.2d 987, 23 A.L.R.2d 1234; Pace Corporation v. Jackson, Tex., 284 S.W.2d 340.

■ The trial court did not err in dismissing the State Automobile Insurance Association from the case, as there were no allegations by Tractor which would have warranted leaving the Insurance Company in a suit that had in fact become an ordinary automobile accident damage suit. It is true that the methods used in dismissing the Insurance Company from the suit were technically incorrect, but the ultimate result was proper.

Appellants contend that there was a conflict in the jury's answers to Special Issue No. 39, on the one hand, and their answers to Special Issues Nos. 35 and 37, on the other hand.

The effect of the jury's answer to Issue No. 39 was to find that the tractor was being operated at the time of the collision with some burning lights. By their answer to Issue No. 35 the jury found the tractor was being operated at the time of the collision without a visible red tail-light burning, and by their answer to Issue No. 37 they found that the tractor was being operated at the time of the collision without a visible tail-light burning. All of this sums up to a finding that while there were some burning lights on the tractor at the time of the collision, there was neither a red nor any other kind of tail-light burning that was visible. There was evidence that there was a fertilizer or seed box on the back of the tractor that would have rendered a tail-light invisible from the rear even if it had been burning. We find no irreconcilable conflict in these answers. The jury found that the failure to have a visible tail-light burning on the tractor at the time of the collision was a proximate cause thereof. Ft. Worth & D. C. Ry. Co. v. Welch, Tex.Civ.App., 154 S.W.2d 896; 41 Tex.Jur. 1226, § 361.

■ The above findings would support the judgment rendered even though the evidence was insufficient to support any other finding of negligence on the part of the driver of the tractor.

Appellants next complain because their exceptions to Issues No. 5 and No. 21 were overruled, and because their specially requested issues relating to the same matter of proper lookout were refused.

Special Issues Nos. 5 and 21 were as follows:

"No. 5. Do you find from a preponderance of the evidence that M. T. Cochrum (driver of the Mercury) upon the occasion in question, failed to keep a proper lookout?"

"No. 21. Do you find from a preponderance of the evidence that Ursino Rangel (driver of the Jeep) upon the occasion in question, failed to keep a proper lookout?"

Appellants' complaint is that these issues were too general and should have been more specific. The issues were properly worded. Any other rule might require the submission of a great number of issues on the question of proper lookout. Ft. Worth & D. C. Ry. Co. v. Capehart, Tex.Civ.App., 210 S.W.2d 839.

The trial court did not err in refusing to submit to the jury appellants' requested Special Issues Nos. 7–12, 21–23 and 27–29, as they were merely various phases and different shades of issues which were submitted to the jury. Northeast Texas Motor Lines v. Hodges, 138 Tex. 280, 158 S.W.2d 487; Schuhmacher Co. v. Holcomb, Tex.Civ.App., 174 S.W.2d 637, affirmed 142 Tex. 332, 177 S.W.2d 951; Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, affirmed 144 Tex. 568, 192 S.W.2d 143; Holly v. Bluebonnet Express Co., Tex.Civ.App., 275 S.W.2d 737, Ref. N. R.E.; Talley Transfer Co. v. Cones, Tex. Civ.App., 216 S.W.2d 604.

Appellants next complain because the court refused to submit their specially requested Issues Nos. 13, 14 and 15. By these issues the jury would have been asked whether M. T. Cochrum attempted to pass the tractor driven by Amadeo Lozano at a place on said highway where there were broken yellow lines on the side of the center line of the highway on which M. T. Cochrum was then driving, and whether such act was negligence and a proximate cause of the collision. In passing upon this question we may consider that the evidence conclusively shows that M. T. Cochrum was attempting to pass the tractor at a place on the highway where there were broken yellow lines on the side of the center line of the highway on which M. T. Cochrum was then driving and that such act was negligence and a proximate cause of the collision unless in doing so Cochrum was acting in an emergency.

The trial court submitted to the jury the following issues relating to the negligence of Cochrum in attempting to pass the tractor on the left at the time and place where the collision occurred:

"Special Issue No. 13:

"Do you find from a preponderance of the evidence that on the occasion in question M. T. Cochrum attempted to pass the tractor when his left side of the highway was not clear and unobstructed for a distance of at least 50 yards? Answer: Yes.

"Special Issue No. 14:

"Do you find from a preponderance of the evidence that the attempt of M. T. Cochrum to pass the tractor when his left side of the highway was not clear and unobstructed for a distance of at least 50 yards, if you have so found, was negligence? Answer: No.

"Special Issue No. 15:

"Do you find from a preponderance of the evidence that such operation, if any you have found, is a proximate cause of the collision? (No answer. Conditionally submitted.)

"Special Issue No. 16:

"Do you find from a preponderance of the evidence that on the occasion in question M. T. Cochrum attempted to pass the tractor on a hill? Answer: Yes.

"Special Issue No. 17:

"Do you find from a preponderance of the evidence that such operation, if

Answer: No.

"Special Issue No. 18:

"Do you find from a preponderance of the evidence that such operation, if any you have found, was a proximate cause of the collision? (No answer. Conditionally submitted.)

"Special Issue No. 43:

"Do you find from a preponderance of the evidence that immediately be-

fore and at the time of the collision in question M. T. Cochrum was acting in an emergency? Answer: Yes.

"Special Issue No. 44:

"Do you find from a preponderance of the evidence that M. T. Cochrum, while acting under an emergency, if you have so found, used that degree of care which a person of ordinary prudence in the exercise of ordinary care would have used under the same or similar circumstances? Answer: Yes.

"Special Issue No. 45:

"Do you find from a preponderance of the evidence that the collision in question was not the result of an unavoidable accident? Answer: It was not the result of an unavoidable accident."

These issues sufficiently submitted the matter of Cochrum's negligence, if any, in attempting to pass the tractor on the left, and the requested issues would have submitted only different phases or shades of those given by the court. Rule 279, Texas Rules of Civil Procedure; Gilmer v. Griffin, Tex.Civ.App., 265 S.W.2d 252. The evidence shows and the jury found that at the time Cochrum was acting in an emergency.

Appellants next complain because issues relating to the doctrine of discovered peril were not submitted at their request. The evidence in this case did not raise the doctrine of discovered peril. Texas & N. O. R. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378; Texas & Pacific Ry. Co. v. Brown, 142 Tex. 385, 181 S.W.2d 68; Turner v. Texas Co., 138 Tex. 380, 159 S.W.2d 112; Kennedy v. Wichita Production Co., Tex.Civ.App., 242 S.W.2d 261; Elder v. Panhandle Stages Shuttle Service, 144 Tex. 638, 193 S.W.2d 170; Surkey v. Smith, Tex.Civ.App., 136 S.W.2d 893.

Appellants' remaining points are without merit and are overruled.

The judgment is affirmed.