**UNION IRON AND METAL COMPANY, Inc.,**
**Appellant,**

v.

**Mildred E. GIBSON et al., Appellees.**
**No. 7532.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 26, 1963.

Rehearing Denied Dec. 31, 1963.

James F. Bobbitt, Karl E. Kraft, Houston, for appellant.

Hill, Brown, Kronzer, Abraham, Watkins & Steely, Baker, Botts, Shepherd &' Coates, Wyatt H. Heard, Houston, for appellees.

CHADICK, Chief Justice.

This is a negligence action involving personal injuries. The judgment of the trial court is affirmed as to the plaintiffs' recovery and between the original and impleaded parties defendant the judgment is reversed and rendered.

First, this appeal presents a problem in the field of indemnity and contribution between joint tortfeasors.[1] The appellee Houston Transit Company, with the appellee Mildred E. Gibson concurring, stoutly advocates a specific pronouncement that the doctrine of discovered peril is applicable between joint tortfeasors.

Brevity and clarity sanctions reference hereafter to Mildred E. Gibson as "Mrs. Gibson", Houston Transit Company as "the transit company", and Union Iron and Metal Company, Inc., as "Union". It will also contribute to a better understanding of this composition to emphasize that two of the transit company's buses figure in the case. These two separate buses and their drivers are referred to as the "shuttle" bus (this is the vehicle in which Mrs. Gibson was a passenger) and the "Liberty-Southmore" bus.

South Park Boulevard in the City of Houston, Texas, in the vicinity relevant to this case, is divided by an esplanade. At the time of the occurrences of concern here there were two through vehicular traffic lanes on either side of the esplanade, those on the east side accommodating northbound traffic and those on the west southbound traffic. At an intersection near the site of. collision the width of the paving expands and a third, or "right turn" traffic lane is provided for traffic turning right or eastward off of the Boulevard.

---

1. Historically neither the common law courts nor the legislative bodies have been sympathetic with the plight of wrongdoers in the adjustment of their affairs. Prosser clearly illustrates this with his recital of the Highwayman's case, where one highway robber sued another robber for an accounting of plunder obtained by a joint venture. The court dismissed the bill with costs adjudged against plaintiff's counsel, held plaintiff's solicitors in contempt of court, fined one 50£, deported the other, and had both plaintiff and defendant beheaded. As Prosser says: "In short, contribution was not allowed". (From Contribution and Indemnity, by Gus A. Hodges, 26 Texas Law Review 150.)

Just prior to the collision the shuttle bus was standing, headed north, in the right turn lane, the Liberty-Southmore bus, until this time standing immediately to the shuttle's rear, began pulling out and around to the left of the shuttle bus and into the two northbound traffic lanes. Union's truck, at this same time traveling north in the right hand or outer through traffic lane, was approaching the locality of the two buses. The movement of the Liberty-Southmore bus placed that bus in front of Union's truck and diagonally across the northbound through traffic lane. The truck driver turned his vehicle to the right to avoid, and did so, the Liberty-Southmore bus, but collided with the rear end of the shuttle bus. Mrs. Gibson's injuries resulted from this collision.

The jury found the negligence of Union's truck driver in several particulars as proximate causes of the collision between the truck and the shuttle bus. Also, it was found that the driver of the Liberty-Southmore bus was negligent in failing to give a signal of his intention to move into the traffic lanes under the existing circumstances, and that such failure was a proximate cause of the collision between Union's truck and the shuttle bus. Damage issues were answered assessing a total of $24,-500.00 in damages.

A series of discovered peril issues were submitted in addition to those just noted. By its responses the jury found the following facts. The Liberty-Southmore bus was in a perilous position, Union's driver discovered the Liberty-Southmore bus in such position, and after discovery realized the Liberty-Southmore bus would in all reasonable probability not be able to extricate itself from the position of peril. Union's truck driver, after such discovery and realization, and by the exercise of ordinary care in the use of means at hand, could have avoided collision with the shuttle bus. Union's truck driver's failure to exercise ordinary care and use the means at hand to avoid collision with the shuttle bus was negligence and a proximate cause of the

collision with the shuttle bus. It thus appears that the Liberty-Southmore bus, together with its driver and passengers was in a position of peril immediately preceding the collision. However, that particular bus was not touched nor injured in the collision between the Union truck and the shuttle bus. Because of its materiality, as later shown, it is emphasized that there is an absence of any finding by the jury that the shuttle bus, its driver and passengers, was discovered to be in a position of peril.

The judge of the trial court entered a joint and several judgment against Union and the transit company, awarding Mrs. Gibson damages in accordance with the jury's findings after requiring a $2,000.00 remittitur with reference to future medical expense. In addition, the judgment decreed that the transit company be indemnified by Union for any amount it was compelled to pay in satisfying the award to Mrs. Gibson, and was awarded $556.50 for damages to the shuttle bus.

Disposition of the appeal does not require a consideration of the applicability of the doctrine of discovered peril between joint tortfeasors. This conclusion is based on the commonly accepted definition of discovered peril. For the purpose at hand the definition of discovered peril in "Negligence", 40 Texas Jurisprudence, p. 621, Sec. 110, is adopted; there it is said:

"If a person is in a position of peril and that position is discovered and realized by another in sufficient time to prevent injury by the exercise of ordinary care and with the means at his command, the person discovering the perilous position will be liable for any injury proximately caused by his failure to exercise ordinary care, even though the person so injured is guilty of contributory negligence but for which the injury would not have occurred. * * * *"

With the quoted definition as a yardstick, attention is directed to the discovered peril

issues previously outlined. The jury findings establish the facts from the standpoint of Union's truck driver. A controlling fact found is that the Liberty-Southmore bus was in a position of peril; and it is undisputed that Union's driver avoided a collision with that bus. There is no finding that the shuttle bus was in a position of peril. The definition here used, and all definitions of discovered peril that have come to the attention of the court, without exception, make an element of the doctrine *a discovery of the peril of the injured party*. See cases in Note 5, 40 Texas Jurisprudence 2d, p. 626, Sec. 112.

The transit company dismisses this view with the conjecture that damage to the shuttle bus and its occupant is a problem of foreseeability, a consequential incident of the truck driver's negligence found in the discovered peril series. The argument advanced disregards as irrelevant the fact that collision with the Liberty-Southmore bus, the instrumentality actually found to be in peril, was avoided by Union's truck. This argument would have a countenance of validity had the Liberty-Southmore bus been struck and shoved into the shuttle bus, but such is not the case. The element of discovery of the peril of the shuttle bus was not submitted to the jury. What a jury might have answered had the issue been tendered is open to speculation. The evidence makes it difficult to conclude that Union's truck imperiled the shuttle bus and its passengers at any time before it swerved to the right to avoid the Liberty-Southmore bus.

In harmony with the conclusion reached and supporting it, though not factually congruent, is Elder v. Panhandle Stages Shuttle Service, 144 Tex. 638, 193 S.W.2d 170. In the case a lady was crossing a street and near its center paused to allow an approaching west bound bus to pass in front of her. As she stood watching the west bound vehicle she was struck by an east bound bus. Both buses were owned and operated by the same company. At the trial of her suit to recover damages for

personal injuries she requested issues submitting the theory of discovered peril from the standpoint of the driver of the west bound bus that was approaching at the time of the collision but never reached or struck her. It was held that refusal to submit discovered peril issues was proper, although the two buses were of common ownership and the driver of each bus an employee of a common employer liable for each driver's negligence under the respondeat superior doctrine. The Supreme Court said:

"* * * The case cannot be treated as one in which two or more employees of a defendant are engaged in the operation of a single instrumentality. The situation is not comparable to that of different members of a crew on a railroad train where each is charged with some responsibility for preventing injuries to a third person by the method of operating the train. *The two busses here involved are independent instrumentalities and the liability of the driver of each must arise from his own negligence and not from the negligence of the other.*" (Emphasis supplied.)

The emphasized statement in the Elder case is equally applicable to the situation presented in this case. Here, each of the transit company's buses must be considered as independent instrumentalities in the utilization of the discovered peril doctrine.

■ If a different conclusion than that just expressed had been reached, this court would feel compelled to refuse to apply the discovered peril doctrine in adjusting the rights of joint tortfeasors among themselves because it was held inappropriate to do so in Kimbriel Produce Co., Inc., v. Mayo, Tex.Civ.App., 180 S.W.2d 504, error ref., W. O. M., and Texas Bus Lines v. Whatley, Tex.Civ.App., 210 S.W.2d 626, err. ref., N. R. E. These cases held that the discovered peril doctrine is not to be resorted to on such occasion.

■ Article 2212, Vernon's Ann.Civ.St., provides for contribution between joint tort-

feasors in all cases except those in which the right of contribution, indemnity, or recovery-over is given by statute or under the common law. No statute is cited as authorizing indemnity, so in this instance the transit company must rely upon the common law to sustain the trial court's judgment granting it indemnity against Union. In *Contribution and Indemnity*, 26 Texas Law Review, p. 150, Professor Gus M. Hodges reviews numerous Texas cases adjudicating questions of indemnity, and gives the following rule, which he says expresses the result of the decision, that is:

"When there are two tortfeasors, either or both of whom are liable to an injured third person, but one of whom has breached a duty which he owed both to his co-tortfeasor and to the injured third person, then the tortfeasor who, to his co-tortfeasor, is blameless, should be allowed indemnity."

Very recently in Gulf, Colorado & Santa Fe Railway Co. v. Bliss, Tex., 368 S.W.2d 594, at page 596, the Supreme Court refers to the statement in Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563, and re-approved this test: " * * * for one tort-feasor to be allowed recovery of indemnity against another it must be predicated upon a consideration as to whether the tort-feasor as plaintiff suing the other in tort would be entitled to recover." In application Professor Hodge's Law Review rule and the test quoted are the same.

■ Evidence was introduced showing the driver of the Liberty-Southmore bus suddenly drove his vehicle from its position in the right turn lane over into the through traffic lanes and in front of the approaching Union Truck without giving a signal of his intention to do so. The jury found, as previously stated, that this negligence was a proximate cause of the collision between Union's truck and the shuttle bus. Such negligence contributed to bring about the collision of Union's truck and the shuttle bus. This contributing negligence violated a duty owed both Union and Mrs. Gibson as a passenger in the shuttle. Thus the transit company is not entitled to indemnity. Likewise, contributory negligence bars a recovery by the transit company on its cross action against Union for damages to the shuttle.

■ The only judgment supported by the record is one, in accordance with the provisions of Article 2212, that each of the two defendants in the trial court, the transit company and Union, have contribution against the other for any sum paid to the appellee, Mrs. Gibson, above one-half of the judgment, costs, etc., awarded her, and that the transit company take nothing by its cross action. The judgment entered is ordered modified to this end.

The second question is addressed to the excessiveness of the damages awarded Mrs. Gibson by the jury's verdict. An extended statement would be required to suggest the facts involved. Effort in that respect is hardly worthwhile, but attention and study in detail has been given to the question presented. The cogency of the Union's argument arouses doubt, both as to the extent of Mrs. Gibson's injuries and the excessiveness of the amount of the verdict. The argument is unsettling, yet it does not put at rest doubt that a remittitur of consequence might be more unjust than the judgment entered. This court cannot with requisite certainty say the award is excessive.

The judgment of the trial court is affirmed as to Mrs. Gibson, and reversed and rendered in the respects previously stated.