**James M. MOORE, Appellant,**

v.

**Henry J. MAULDIN et al., Appellees.**

**No. 7823.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 7, 1967.

Rehearing Denied Dec. 12, 1967.

Bob Roberts, Gallagher, Wilson, Berry & Jorgenson, Dallas, Jason Smith, Kenley, Boyland & Hawthorn, Longview, for appellant.

Ramey, Brelsford, Flock & Devereux, Tyler, R. L. Whitehead, Longview, for appellees.

DAVIS, Justice.

A tort action by plaintiff-appellant, James M. Moore, against defendants-appellees, Henry J. Mauldin and Donald W. McCollum because of a three car collision which occurred on U. S. Highway 80 in the city limits of Gladewater. After appellant filed his original petition, appellee Mauldin filed a cross-action against appellant and appellee McCollum. Appellee McCollum filed a cross-action against appellant and appellee Mauldin. The case was tried to a jury. Subsequent to the retirement of the jury, the cross-action filed by appellee Mauldin against appellant was settled and withdrawn from the jury's consideration. The jury found that all three parties were guilty of actionable negligence. A take nothing judgment was signed and entered as to all parties. Appellant has perfected his appeal. He brings forward eight points of error.

By his points one through five he says the trial court erred in overruling his motion to disregard, for mistrial, and amended motion for new trial because the answer of the jury to Special Issues 10, 15, 15a, 16 and 16a is against the great weight and preponderance of the evidence, and is insufficient to support the same.

Special Issues Nos. 10, 15, 15a, 16 and 16a, with the trial court's instruction and definitions, and the jury's answers thereto, read as follows:

"SPECIAL ISSUE NO. 10

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence will fairly and reasonably compensate James M. Moore for the injuries, if any, proximately caused by the collision made the basis of this suit, taking into account such of the following elements as you find by a preponderance of the evidence to have been suffered by James M. Moore, as a proximate result of such collision and no others:

(a) Physical pain, suffering, and mental anguish, if any, suffered in the past by James M. Moore from the date of the collision up to the present date:

(b) Reasonable medical expenses, if any, necessarily incurred by James M. Moore in the future for his proper treatment and care:

(c) Loss of earning capacity, if any suffered by James M. Moore in the. future:

(d) Physical pain, suffering, and mental anguish, if any, suffered by James M. Moore in the future.

Answer this Special Issue by stating the amount, if any, in dollars and cents.

ANSWER: None"

"SPECIAL ISSUE NO. 15:

Do you find from a preponderance of the evidence that at the time, place and on the occasion in question J. M. Moore failed to make a proper application of his brakes?

By the term 'Proper application of brakes' is meant such an application of brakes as would have been made by a person of ordinary care and prudence under the same or similar circumstances. If you so find, let the form of your answer be: 'HE FAILED TO MAKE PROPER APPLICATION OF HIS BRAKES': otherwise, let your answer be 'HE DID NOT FAIL.'

ANSWER: HE FAILED TO MAKE PROPER APPLICATION OF HIS BRAKES".

"SPECIAL ISSUE NO. 15-A:

Do you find from a preponderance of the evidence that such failure, if any, to make proper application of brakes, as you have found in answer to the preceding special issue, if you have so found, was a proximate cause, as defined herein, of the Moore-Mauldin collision?

Answer 'Yes' or 'No'.

ANSWER: Yes"

"SPECIAL ISSUE NO. 16:

Do you find from a preponderance of the evidence that at the time, place, and on the occasion in question J. M. MOORE failed to keep a proper lookout?

You are instructed that by 'proper lookout' as used in this issue is meant such a lookout as a person of ordinary care and prudence would have kept under the same or similar circumstances. If you have so found, let the form of your answer be:

'HE FAILED TO KEEP A PROPER LOOKOUT': otherwise let your answer be: 'HE DID NOT FAIL'.

ANSWER: HE FAILED TO KEEP A PROPER LOOKOUT."

"SPECIAL ISSUE NO. 16-A:

Do you find from a preponderance of the evidence that such failure, if any, to keep a proper lookout, as you have found in answer to the preceding special issue, if you have so found, was a proximate cause, as defined herein, of the Moore-Mauldin collision?

Answer: 'Yes' or 'No'.

ANSWER YES"

Actually, this case involves two separate collisions. The first occurred between ap-

pellees Mauldin and McCollum. The second occurred when appellant Moore, who was traveling east on Highway 80, struck appellee Mauldin. McCollum was traveling west on Highway 80, and he and Mauldin side-swiped each other. ·

■ It seems to the writer that the provisions of Rule 329b, Sec. 4, Texas Rules of Civil Procedure, are mandatory. Rule 324, T.R.C.P. makes it mandatory to file a motion for new trial to preserve the points of error in all cases tried before a jury. In checking the phraseology of Rules 324 and 329b, § 4, one is just as mandatory as the other. The amended motion for new trial was NOT presented to the trial judge within thirty (30) days as required by Rule 329b, § 4. Therefore this writer firmly believes that the appellant has waived each point of error by not giving the trial judge a chance to correct any errors he might have made. As the record now stands, this Court must assume that the trial judge carefully considered each point raised by the amended motion for new trial, and, in truth and in fact, overruled them. Although, we know that he did not.

■ The only error, or errors that a Court of Civil Appeals can consider in cases tried before a jury, and a judgment is entered on the jury verdict, are the errors that are raised in an original motion for new trial or an amended motion for new trial and actually presented to the trial judge as required by Rules 324 and 329b, Sec. 4; or a fundamental error, if such exists.

■ The jury found appellant guilty of actionable contributory negligence in failing to keep a proper lookout and in failing to make a proper application of his brakes and that each act was a proximate cause of the collision when it answered Special Issues Nos. 15, 15a, 16 and 16a. The appellant says the evidence is insufficient to support the answers; and the answers are against the great weight and preponderance of the evidence.

We have carefully considered all the evidence and find it to be factually sufficient to support the jury's answers thereto and it is not contrary to the great weight and preponderance of the evidence. See Points of Error, 38 Tex.L.Rev. 361 (1960), Calvert, No Evidence and Insufficient Evidence. We will not go into detail of what facts were proved. The jury findings on these issues are binding and supported by the great weight and preponderance of the evidence. Benoit v. Wilson, Tex.Sp.Ct. (1951), 150 Tex. 273, 239 S.W.2d 792; Lewis v. Martin, Tex.Civ.App. (1938), 120 S.W.2d 910, wr. r.; Cronk v. J. G. Pegues Motor Co., Ct.Civ.App. (1943), 167 S.W.2d 254, W.R., W.O.M. ·

■ Since the jury found appellant guilty of actionable negligence, it was not under any duty to find that the appellant had suffered any amount of damages for injuries. That is what appellant complains about as to the jury's answer to Special Issue No. 10. The points are overruled.

By his points six and seven, appellant says the trial court erred in overruling his objections to special issues 15 and 16 for the reason that the same, as submitted, is vague and does not in any way designate or limit the time inquired about therein.

Appellant's objections to special issue No. 15, reads as follows:

"Plaintiff objects and excepts to Special Issue No. 15 for the reason the same—and the definitions contained therein, fails to properly state the duties of the plaintiff as respects proper application of his brake. Plaintiff in this connection requests the following definition concerning Special Issue No. 14:

" 'By the term "PROPER APPLICATION OF BRAKES" is meant that application of brakes as would have been made by an ordinary person in the exercise of ordinary care and prudence under the same or similar circumstances.' "

■ A careful examination of appellant's objection to special issue No. 15 shows that it does not distinctly point out the error that he has raised on appeal. Rule 274, T.R.C.P. The point of error as to special issue 15 has probably been waived. Rule 274, Supra, and the cases cited thereunder.

■ Anyway, we hold that the special issues were properly submitted. Doornbos v. Looney, Tex.Civ.App. (1942), 159 S.W. 2d 155; Serna v. Cochrum, Tex.Civ.App. (1956), 290 S.W.2d 383, w. r., n. r. e. The points are overruled.

We have carefully examined appellant's point of error number eight, and find it to be without any merit. The point is overruled.

The judgment of the trial court is affirmed.