# FEBRUARY, 1949

AUSTIN ROAD COMPANY v. TOMMIE POTTER POPE ET AL.

No. A-1818. Decided January 5, 1949.
Rehearing overruled February 2, 1949.
(216 S. W., 2d Series, 563.)

*Strasburger, Price, Holland, Kelton & Miller,* and *Hobert Price,* all of Dallas, for Austin, Road Company, *Cantey, Hanger, McKnight & Johnson* and *J. A. Gooch,* all of Fort Worth, for Tommie Potter Pope, petitioners.

It was error for the Court of Civil Appeals to refuse to hold that as a matter of law there was no liability on the part of the Austin Road Company to the defendant Pope, since under the undisputed evidence Pope backed his truck over Jackson's leg in broad daylight and the jury convicted Pope of active negligence while the jury's only finding against the Austin Road Company was one of passive negligence in failing to have a watchman to prevent persons on the job from injuring one another, and therefore the entire damage should be borne by Pope,

the one guilty of active negligence. Montgomery v. Houston Textile Mills (Com. App.) 45 S. W. (2d) 140; City of Dallas v. Maxwell, 248 S. W. 667; Ray v. St. Louis S. W. (Ry. Co., 289 S. W. 1030.

(On the part of petitioner Pope) The Court of Civil Appeals erred in overruling Pope's first counterpoint for the reason that the uncontradicted evidence showed that the Austin Road Com-Company was in complete charge of the premises where the accident occurred and had ordered and demanded that both Pope and Jackson use the same crowded roadway for the performance of their tasks and had created a dangerous situation knowing that both Jackson and Pope were performing their respective duties under dangerous conditions created by the Austin Road Company, and the accident was brought about by the failure of the road company to use ordinary care to prevent such an accident as the one which occurred, which could have been reasonably foreseen and anticipated by it; and since said road company owed a non-delegable duty to both to see that their respective roads were clear, or to see that they did not come in contact with each other while in the usual performance of their duties, the Austin Road Company should be made to account for the entire jury award as given by the trial court. Wheeler v. Glazer, 137 Texas 341, 153 S. W. (2d) 449.

*Joe Spurlock* and *S. A. Crowley,* both of Fort Worth, for respondent, George E. Jackson.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This is a damage suit in which the sole controversy before us is the right of contribution between the Austin Road Company, the general contractor, and Tommie Potter Pope, a subcontractor, in connection with injuries received by George E. Jackson, an employee of another subcontractor, Jim L. Stephens.

At the time of the injuries the Austin Road Company had a general contract to pave a street in the City of Fort Worth. This company had sublet part of the work to others. Pope was engaged to haul materials in his truck to a large concrete mixing machine operated on the job by the Austin Road Company. Stephens was engaged to construct curb and gutter along the west side of the street, where Jackson was working at the time he was injured. The concrete mixing machine was located at the north end of the block being paved. The east side of the street was closed to all traffic. Pope and other truckers hauling

materials to the concrete mixer thus had to use the west half of the street. Under the instructions of the Austin Road Company they would drive their trucks backwards from the south end of the block in a northerly direction to the concrete mixer, where they would dump their loads and then drive forward along the same route. The west half of the street, which was open to the trucks, was about twenty feet in width. The evidence showed a crowded condition and a large amount of noise and activity along the narrow strip where the men were working on the curb and gutter. The trucks were shutt'ing back and forth in this area to and from the concrete mixer. There was no watchman on the job to direct the backing of the trucks. At the time of the injury Pope was backing his truck along the narrow strip towards the mixer near where Jackson and others were working on the curb. At the point where he started backwards be opened the left door of his truck and leaned out to observe his progress from that side. He could not or did not see Jackson who was then pushing a wheelbarrow along the west side of the street. While so engaged he ran his truck against Jackson, causing the latter serious bodily injuries.

Jackson sued Pope for damages, alleging several acts of negligence. Pope in turn, filed a cross action against the Austin Road Company, alleging negligence in that company's failure to maintain a watchman in the vicinity of the work, and prayed for judgment over against it for any amount of damages recovered by Jackson.

The jury found that Pope failed to keep a proper lookout, which was a proximate cause of the collision; that he was operating his truck in the west lane of the west side of the street, which was negligence and a proximate cause of the collision; that he failed to sound his horn as a warning, which was negligence and a proximate cause of the collision; that Jackson was damaged in the sum of $10,000.00, and was not negligent; that the Austin Road Company failed to maintain a watchman, which was negligence and a proximate cause, but not the sole proximate cause, of the collision; and that the collision was not an unavoidable accident.

On that verdict the trial court rendered judgment for Jackson against Pope for $10,000.00, and in favor of Pope against the Austin Road Company for the full amount of the judgment recovered by Jackson.

The Court of Civil Appeals affirmed the judgment for Jack-

son against Pope, but rendered the judgment for contribution so as to award Pope recovery against the Austin Road Company for only one half the amount of the judgment recovered by Jackson against Pope.

Both Pope and the Austin Road Company have filed applications for writs of error, and both were granted. Neither complains of the judgment in favor of Jackson. They each simply attempt to shift the liability to the other. The Austin Road Company seeks full indemnity from Pope on the theory that under the findings of the jury the tortfeasors are not in pari delicto as to each other, since Pope was found guilty of actively backing his truck into Jackson while the only finding against it was one of omission, that is, failing to provide a watchman. On the other hand, Pope contends that the Austin Road Company was in complete charge of the premises, directing the work thereon; that it owed a duty both to Jackson and Pope to provide a safe place to work, which it had failed to do; and that by reason thereof it should be directly and primarily responsible for all the injuries suffered by Jackson.

■ Under the common law, as a general rule, joint tortfeasors have no right of indemnity among themselves. That rule rests on considerations of public policy, it being against the policy of the law to adjust equities between wrongdoers, or to allow a person to found an action on his own wrong. 18 C. J. S. 15, Sec. 11. However, the rule does not apply where the joint tortfeasors are not in pari delicto as to each other, as where the injury resulted from a violation of the duty one owes the other. Gulf, C. & S. F. Ry. Co. v. Galveston, H. & S. A. Ry. Co., 83 Texas 509, 18 S. W. 956; City of San Antonio v. Smith, 94 Texas 266, 59 S. W. 1109; City of San Antonio v. Talerico, 98 Texas 151, 81 S. W. 518; Kampmann v. Rothwell, 101 Texas 535, 109 S. W. 1089, 17 L. R. A. N. S. 758; Austin Electric Ry. Co. v. Faust, 133 S. W. 449; City of Weatherford Water, Light & Ice Co. v. Veit, 196 S. W. 986; 18 C. J. S. 16, Sec. 11.

■ Under article 2212, Vernon's Ann. Civ. St., in order to relieve the rigor of the common law, the rule was modified and enlarged so as to allow enforced contribution among joint tortfeasors who are in pari delicto as to each other, and thereby place the burden equally upon all solvent tortfeasors. The statute further provides that it shall have no application where the right of contribution or indemenity existed under the common law. This does not mean that the statute abrogates the common law rule as to the rights of wrongdoers who are not in pari

delicto with each other. Thus, where the parties are not equally guilty, the principal delinquent may be held responsible to a co-delinquent for damages paid by reason of the offense in which both participated in different degrees as perpetrators. In most of the instances, however, in which that situation has arisen, there was no concerted action, and one of the tortfeasors has breached a duty he owed both to his co-tortfeasors and to the injured third person; and under such circumstances, though both are liable to the injured third person, as between themselves the blameless should be allowed indemnity. In order to determine whether the loss should be shifted from one tortfeasor to another the proper approach is to consider the one seeking indemnity as though he were a plaintiff suing the other in tort, and then determine whether such a one as plaintiff, though guilty of a wrong against a third person, is nevertheless entitled to recover against his co-tortfeasor. Texas Law Review, vol. XXVI, p. 150.

Consequently, as between themselves, either tortfeasor here involved may recover full indemnity against his co-tortfeasor if it appears that he has violated no duty toward him. On the contrary, if the tortfeasors are in pari delicto, the statute requires that each must bear his proportionate part of the burden. Cattegno v. The Parisian, Tex. Com. App., 53 S. W. (2d) 1005; Oats v. Dublin Nat. Bank, 127 Texas 2, 90 S. W. (2d) 824; East Texas Public Service Co. v. Johnson, Tex. Com. App., 6 S. W. (2d) 344.

It seems clear to us, however, as it did the Court of Civil Appeals, that neither defendant here involved is entitled to indemnity under the common law. There are no facts or findings establishing varying degrees of negligence such as existed in the cases cited above, and others that might be cited, where indemnity was allowed under the common law; and but for the statute modifying the rule as to tortfeasors equally guilty we would necessarily deny Pope any relief against the Austin Road Company for any part of the damages he is compelled to pay Jackson.

The decisions of our State are clearly in accord with the general proposition that "where the negligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design, or concerted action". 1 Cooley on Torts, (Fourth Ed.) pp. 277, 278, Sec. 86; Baylor University v. Bradshaw, 52 S. W. (2d) 1094, affirmed 84 S. W.

(2d) 703; Atchison v. Texas & P. Ry. Co., 143 Texas 466, 186 S. W. (2d) 228.

The evidence and jury findings herein clearly convict each of the tortfeasors of wrongful conduct which joined and concurred in bringing about the injury. Each party did more than merely create a condition under which the other negligently acted. The negligent conduct of each was a proximate cause of the collision and the injury inflicted was by their joint and concerted action. The act of neither was the sole proximate cause. Both tortfeasors were present on the scene, either in person or by representatives, and each participated in the wrong. Either one or both might have prevented the wrong. Neither did. Each owed the other the same due care, and each owed the duty to exercise ordinary care for the safety of the injured party. Both violated these duties. Consequently, each was guilty of the same quality of negligence toward the injured workman. Thus they stand in part delicto with each other and must, under the statute, share equally the burdens arising from their wrongful conduct. Texas Power & Light Co. v. Stone, 84 S. W. (2d) 738, writ refused; Dallas Ry. & Terminal Co. v. Harmon, 200 S. W. (2d) 854, writ refused. Therefore, the Court of Civil Appeals correctly reformed the judgment for contribution in favor of Pope so as to ward him recovery against the Austin Road Company for one half the amount of the judgment recovered by Jackson.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered January 5, 1949.

Rehearing overruled February 2, 1949.