**PANHANDLE GRAVEL CO., Inc.
v. WILSON.**

No. 6190.

Court of Civil Appeals of Texas.
Amarillo.

Jan. 14, 1952.

Rehearing Denied March 10, 1952.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellant.

Merchant & Fitzjarrald, Amarillo, for appellee.

LUMPKIN, Justice.

On December 14, 1949, the appellee, C. W. Wilson, was a passenger in an automobile traveling on the Amarillo to Dumas, Texas, highway. While passing a gravel truck he was injured by a 2-pound rock which came through the windshield and struck him in the face. The appellee alleged that the rock fell from a truck owned and operated by Fred E. Barger and loaded with gravel belonging to the appellant, Panhandle Gravel Company, Inc. He contended that the appellant had improperly loaded the truck, that this act was one of negligence and the proximate cause of his injuries. Likewise, the appellee sought to impose liability on the truck driver Barger on the theory that he had improperly loaded the truck and that he was negligent in driving it while improperly loaded. Also he sought to impose liability upon D. E. Basden, Barger's employer, on the theory that he had contracted with the appellant to haul its gravel and that he was negligent in the same particulars in which the driver Barger was negligent. In addition to resisting the appellee's suit, each of these sought indemnity, or in the alternative, contribution from the others.

In response to special issues the jury found that the appellant was negligent in the loading of Barger's truck; that Barger was negligent in driving his truck upon the highway, loaded as it was; and that each of these acts of negligence was a proximate cause of the appellee's injuries. The court found that no cause of action existed against Basden and on its own motion rendered judgment denying any recovery against him. Damages in the sum of $30,000 were assessed against the appellant and Barger. Although the court denied the motions for indemnity urged separately by the appellant and Barger, it did grant their motion for contribution and therefore rendered judgment allowing the appellee to recover jointly and severally against the appellant and Barger in the amount of $30,000 with the provision that each should pay one-half the judgment and should recover from the other any excess amount it might pay over its one-half part of the judgment. Subsequently this judgment was set aside and a new trial was ordered.

The truck involved in this accident was covered by a policy of insurance issued by the Metropolitan Casualty Insurance Company of New York. After the motion for

a new trial was granted, Metropolitan made a separate settlement for itself and for Basden and Barger with the appellee, who was paid $20,000 upon his agreement to dismiss his cause of action against Basden and Barger. Accordingly, the appellee did dismiss his suit against them and thereafter the appellant dismissed, without prejudice, its cross action against them so that in the second trial the appellee, C. W. Wilson, was the only plaintiff and the appellant, Panhandle Gravel Company, Inc., was the sole defendant.

Again trial was to a jury which found that the appellant had loaded rocks and gravel above the sideboards of Barger's truck, that this was negligence and the proximate cause of the injuries sustained by the appellee. The jury assessed the appellee's damages at $50,000. The court, however, credited this amount with the $20,000 previously paid the appellee by Metropolitan and rendered judgment against the appellant for $30,000.

The appellant contends that the legal effect of the separate settlement was to release and discharge the appellant as well as to release and discharge Metropolitan, Basden and Barger. Before we can discuss the effect of the settlement, however, we must determine whether the appellant's liability is covered by Metropolitan's policy and whether the appellant is entitled to be indemnified by either Basden or Barger or both of them.

The appellant had contracted with D. E. Basden to haul gravel from the pits operated by the appellant to its washer located several miles from the pits. Under the terms of the contract Basden was an independent contractor and not appellant's employee. He used some of his trucks, which were driven by his employees as well as trucks owned by others. Among these was a truck owned and operated by Barger. The contract between Basden and the appellant contained this provision:

"The contractor [Basden] agrees to carry insurance at all times, indemnifying the Company [appellant] against any and all liabilities, judgments and/or costs growing out of injuries to himself, his employees or damage to the property of himself, or his employees, as well as claims, judgments, and all costs growing out of injuries to third party or property of third party, caused by the actions of Contractor or his employees."

In compliance with this portion of the contract, Barger had a policy issued by the Metropolitan Casualty Insurance Company of New York which among other things defined "insured" as follows:

"With respect to the insurance for bodily injury liability and for property damage liability, the unqualified word 'insured' includes the named insured and also includes *any person while using the automobile and any person or organization legally responsible for the use thereof,* provided the actual use of the automobile is by the named insured or with his permission." (Italics ours.)

The named insured is of course Fred E. Barger, whose occupation is hauling gravel.

The policy also provides the purposes for which the automobile is to be used: pleasure and business, terms which are defined as follows:

"(a) The term 'pleasure and business' is defined as personal, pleasure, family and business use. (b) The term 'commercial' is defined as use principally in the business occupation of the named insured * * * including occasional use for personal, pleasure, family and other business purposes. (c) *Use of the automobile for the purposes stated includes the loading and unloading thereof.*" (Italics ours.)

It is well settled that insurance contracts, in common with other contracts, are to be construed according to the sense and meaning of the terms used by the parties. If clear, unambiguous and free from fraud, accident, or mistake, it is conclusively presumed that the parties intended to give the terms used their plain, ordinary, and accepted meaning. Southern Travelers' Ass'n v. Wright, Tex.Com.App., 34 S. W.2d 823; The Imperial Fire Insurance Company of London, England v. County of Coos, 151 U.S. 452, 14 S.Ct. 379, 38 L.Ed. 231. Neither the record nor the policy

suggests that the parties intended that its terms be used in any other than their generally accepted meanings. The appellee does not contend that the language used in the policy is ambiguous. The words *to use*, ordinarily mean to make use of; to convert to one's own service; to avail oneself of; to employ, as a plow, chair or book; to put into operation; to cause to function. The word *use* means the act of employment, the habitual practice or employment. According to the terms of the policy *use* of the truck includes loading and unloading. Appleman's Insurance Law and Practice, vol. 7, pp. 130–132. Loading the truck with gravel was a function delegated to the appellant. Therefore, when the appellant loaded the truck with Barger's permission, its liability was covered by the insuring clause of the policy. Undoubtedly the loading was with Barger's permission, since he was present. According to the testimony, Barger ran his truck to a spot previously designated by the appellant, and it was there loaded with gravel by appellant's employees using a drag bucket. In loading, appellant's employees would lower the bucket into the pit, fill it with gravel, and then dump the contents of the bucket into the truck. The bucket contained about 1½ yards of gravel; Barger's truck normally would contain about 5 yards of gravel; so it would take a little more than 3 buckets to complete the load. While the loading was taking place, Barger was seated in the cab of the truck. In our opinion the loading was a use of the truck within the meaning of the policy, and the appellant is covered by Metropolitan's policy of insurance against any liability which might be imposed upon it as a result of loading or unloading the truck. American Employers' Ins. Co. v. Brock, Tex.Civ.App., 215 S.W. 2d 370, writ ref. n. r. e.

We further believe that the appellant is entitled to be indemnified by Basden and Barger for whatever moneys it may be required to pay the appellee. As between joint tort-feasors, the common law of Texas has long recognized the right of indemnity as existing in favor of one who satisfies an obligation on which he was liable but where the actual wrong or greater culpability rests on another. In three recent cases the Supreme Court has announced the rule that indemnity between tort-feasors lies where one tort-feasor breaches a duty which he owes to another. Wheeler v. Glazer, 137 Tex. 341, 153 S.W. 2d 449, 140 A.L.R. 1301; Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563; Humble Oil & Refining Co. v. Martin, Tex., 222 S.W.2d 995. In Montgomery Ward & Co. v. Scharrenbeck, 146 Tex. 153, 204 S. W.2d 508, 510, this principle is stated:

> "Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract."

Aside from the obligation imposed upon him to carefully execute his contract according to the common law, Basden had a written contract with the appellant. He had agreed to haul the gravel from the pit to the washing plant, a distance of a little more than five miles. He had agreed to furnish his own equipment, to keep his trucks in good condition and to use due diligence in delivering every load, but he reserved "the exclusive right to determine the manner, way, method, route, equipment and employees that should be used in effecting delivery, and in all such respects as well as in all incidental matters," he would be free from any right of control by the appellant. When Barger undertook to perform Basden's contract he stepped into Basden's place. He had the responsibility of transporting the appellant's gravel with due diligence; that is, he would transport with care, skill, caution and dispatch—not carelessly or negligently—to the end that no harm would result to the public. Barger admits that his failure to level his load so that all of it would be retained in the bed of his truck was an act of negligence, one of the causes of the appellee's injury. This act was a violation of the duty he owed the appellant under the written contract and imposes upon him the responsibility of indemnifying the appellant for what-

ever amounts it may be liable to the appellee. Renfro Drug Co. v. Lewis, Tex., 235 S.W.2d 609, 623.

■ Moreover, Basden must indemnify the appellant for another reason. In failing to level the load, Basden, Barger's employer, violated another agreement he had with the appellant. The record reveals that several weeks prior to this accident a conversation had taken place between appellant's president and Basden relative to gravel falling from the trucks and striking the highway. Basden did not concede whose responsibility it was to level the loads on the trucks, but he did state that the appellant had purchased some shovels which Basden took to the pits and ordered his drivers to use in leveling the loads. His drivers, including Barger, refused to level the loads although they did agree to clear the catwalks. Appellant's president stated that he saw Basden's employees leveling the loads, and there is nothing in the record which would indicate that he knew Basden's drivers had refused to fulfill this obligation.

■ And if there is any difference in the quality of the negligence of the appellant and Barger (an additional consideration laid down in Wheeler v. Glazer, supra), in our opinion Barger's negligence is the more culpable. Although Barger said he did not have an independent recollection of the incident which caused the appellee's injury, he did testify that he knew that gravel and rocks were falling from his truck and that he had seen rocks falling from the other gravel trucks. The admission of Barger and his act of driving down the paved highway at a speed of from 30 to 50 miles per hour with a load of gravel extending above the sideboards is a more dangerous act than merely improperly loading the truck and makes him more culpable than the appellant. Brown & Root, Inc., v. United States, D.C., 92 F.Supp. 257.

We have determined that the appellant's liability is covered by Metropolitan policy of insurance, and further we have held that Basden and Barger should indemnify the appellant for whatever it may be required to pay the appellee. We will now examine the separate settlement.

■ A written instrument, not alleged to be ambiguous, must be construed so as to carry out the primary intent of the parties. Southern Travelers Ass'n v. Wright, supra; Pagel v. Pumphrey, Tex. Civ.App., 204 S.W.2d 58, writ refused. The settlement provides that the appellee, C. W. Wilson, will pay any judgment procured against Metropolitan, Basden or Barger, by any person, firm or corporation. A portion of the settlement reads as follows:

"It is understood and agreed by and between the parties hereto that the plaintiff herein does not, by the execution of this instrument and the acceptance of the payment of $20,000.00, release the Panhandle Gravel Company, Inc., D. E. Basden or Fred E. Barger herein from liability because of the matters and things set out in his petition herein, it being the intention of the parties that this instrument is not a release and is not a full payment and satisfaction of all damages sustained by him and all claims being asserted by plaintiff, and he is hereby fully, completely and in all respects reserving all rights of every kind or character that he has against the Panhandle Gravel Company, Inc., but in consideration of the payment to him of the sum of $20,000.00 as herein set forth, he covenants and agrees to hold harmless said D. E. Basden, Fred E. Barger and the Metropolitan Casualty Insurance Company of New York from any legal responsibility because thereof and as a result of his own injuries described in his petition herein by whomsoever such liability may be charged; and for and in consideration of the sum of $20,000.-00 to him in hand paid by the Metropolitan Casualty Insurance Company of New York for and in its behalf and for and in behalf of D. E. Basden and Fred E. Barger, receipt of which is hereby acknowledged, the said C. W. Wilson does hereby bind himself, his heirs, executors and administrators to

save and keep harmless and fully indemnify the said D. E. Basden, Fred E. Barger and the Metropolitan Casualty Insurance Company of New York against all and every claim, demand or cause of action growing out of said accident referred to in said suit or that has been asserted in said suit or that might or could be in said suit asserted by virtue of said accident and the facts connected therewith whether the same has or may hereafter be asserted by either the plaintiff or any other person, firm or corporation or by the Panhandle Gravel Company, Inc., * * * either by intervention or cross bill in said suit or by an original suit or proceedings of any character by * * * the Panhandle Gravel Company, Inc. * * * and agree that the said C. W. Wilson will pay off and discharge any judgment that may be obtained by any one or more of said persons, firms or corporations, against the said D. E. Basden, Fred E. Barger and the Metropolitan Casualty Insurance Company of New York on account of the said accident to plaintiff and the facts out of which the accident grew and upon which suit is founded whether said judgment may be obtained in said suit or in any other suit or proceedings, it being the intention of the said C. W. Wilson to fully, completely and in every respect indemnify the said D. E. Basden, Fred E. Barger and the Metropolitan Casualty Insurance Company of New York absolutely and in all events against any future judgment or claim of any person or persons, firm or firms, corporation or corporations, whatsoever. The said C. W. Wilson consents and agrees and binds himself to plead this contract and release in a motion to dismiss his cause of action against D. E. Basden and Fred E. Barger, and that should any judgment in said cause or any other cause be rendered against the said D. E. Basden, Fred E. Barger or the Metropolitan Casualty Insurance Company of New York, either in favor of plaintiff or any other person, firm or corporation, that the said D. E. Basden, Fred E. Barger and the Metropolitan Casualty Insurance Company of New York may in such suit cause or have and recover over and against the said C. W. Wilson a like judgment to the end that they, and each of them, may be fully, completely and in every respect indemnified."

■ Although the appellee designated this settlement agreement as a covenant not to sue, in effect it is a release. In 36 Tex.Jur. 799, it is said:

"A covenant not to sue for the breach or for the enforcement of an existing obligation may operate as a release of such obligation. Such a covenant is not strictly a release, but it has been given that effect to avoid circuity of action. If the covenant not to sue be broken, the strict right of the covenantee is to recover on the promise, and as the recovery must be the same in both suits, the doctrine of release is resorted to in order to avoid the circuity."

Obviously, from the language of the separate settlement, it was the intention of the parties that Metropolitan should not pay appellee's claim against Basden and Barger more than once. El Paso & S. R. Co. v. Darr, Tex.Civ.App., 93 S.W. 166, writ refused. The settlement states that if the appellant may be sued separately without imposing further responsibility upon Metropolitan, Basden or Barger, then it is intended that appellee shall have the right to sue only the appellant. But the settlement provides that the appellee shall restore to Metropolitan, Basden and Barger whatever sums they are required to pay the appellant. It could not have been the intention of the parties to the separate settlement that the appellee should reserve the right to collect from the appellant any sums which it in turn would be entitled to collect from Metropolitan, Basden and Barger.

■ If the appellee is entitled to recover $30,000 from the appellant, and appellant in turn is entitled to recover $30,000 from Metropolitan and from either or both Basden and Barger, who, in turn, under the settlement agreement are entitled

to recover from the appellee, then this is an example of the circuity of action discussed in the foregoing quotation from Texas Jurisprudence. Aljian v. Ben Schlossberg, Inc., 8 N.J.Super. 461, 73 A. 2d 290; Brown v. Town of Louisburg, 126 N.C. 701, 36 S.E. 166; Smith v. South & W. R. Co., 151 N.C. 479, 66 S.E. 435. Since the appellant may recover from Metropolitan, Basden and Barger any moneys it may be required to pay the appellee, and since Metropolitan, Basden and Barger may recover from the appellee any moneys they may be required to pay the appellant, the courts will permit the appellant to plead the separate settlement as a release and not pursue the circuitous route outlined above.

Since the record in this case has been fully developed and nothing would be gained by returning the cause to the lower court for another trial, the judgment of the trial court is reversed and judgment is here rendered that appellee take nothing by his suit and that appellant be discharged with its costs. Because of our disposition of the case, it is not necessary to discuss the appellant's other points of error.