Jack F. LANDESS et al., Appellants,

v.

Bob THOMAS et al., Appellees.

No. 7228.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 15, 1960.

On Motion for Rehearing Feb. 14, 1961.

Rehearing Denied March 7, 1961.

Wilbur T. Knape, Dallas, for appellants.

James J. Hultgren, Bailey & Williams, Dallas, for appellees.

DAVIS, Justice.

Appellee-plaintiff Bob Thomas sued appellants-defendants, Jack F. Landess, Charles C. Pearson, Richard H. Mills, and Nu-Grape Bottling Company and M. W. Hulme for damages for personal injuries as the result of a collision between a truck driven by Bob Thomas and a pickup that was driven by M. W. Hulme, a driver for Nu-Grape Bottling Company. The collision occurred inside a city where the maximum speed limit is 30 miles per hour. A. A. Hodges filed a cross action against M. W. Hulme and Nu-Grape Bottling Company, and impleaded Landess, Pearson and Mills for damages to his truck that was operated by Bob Thomas. The negligence charged against Mills, an employee of Landess and Pearson, caused the pickup truck driven by Hulme to collide with the truck driven by Thomas.

The case was tried before a jury, and the jury verdict was in favor of Thomas and Hodges. The jury convicted both Mills and Hulme of negligence, but the trial court sustained a motion of Hulme and Nu-Grape Bottling Company for a judgment of full indemnity against Landess, Pearson and Mills. From the judgment, Landess, Pearson and Mills have perfected their appeal and bring forward 13 points of error.

By their points 1 through 12, the appellants complain of the action of the trial court in refusing to grant their motion for directed verdict, in refusing to submit certain special issues, in failing and refusing to give their requested definition of "independent contractor", in overruling their objections to special issues Nos. 11–A and 12–A for the reason that there was no evidence to support said issues, and overruling their objection to special issue 14–A for the reason that such issue is a comment on the weight of the evidence and is a general charge; in overruling their objections to the instruction and definition of "independent contractor", in refusing to grant appellants' motion for judgment non obstante veredicto, and entering judgment for the appellees for the reason that the jury's answers to special issues 15–A and 15–D constitute a direct and irreconcilable conflict with the findings of the jury in response to Special Issues Nos. 20–A and 21–A, and entering a judgment for the appellees and against defendants Mills, Landess and Pearson, and in overruling appellants' motion for new trial for the reason assigned therein.

Suffice it to say that we have carefully examined the record in this case, and find these points to be without merit, and they are respectfully overruled.

The appellants complain of the action of the trial court under point 13 in granting a judgment against appellants for full indemnity in favor of Hulme and Nu-Grape Bottling Company against Landess, Pearson and Mills for the reason that the acts of negligence as found by the jury had been committed, and were not operative in that they had been completed when the collision occurred between Thomas and Hulme. The trial court found that the acts of negligence committed by Hulme were only passive. The jury found that at the time of the collision, Hulme failed to keep a proper look-

out, that such failure was negligence, and from a preponderance of the evidence, was a proximate cause of the collision in question. The jury further found that Hulme drove on the left-hand side of the road, but they also found that he did not drive the pickup at a greater rate of speed than a person of ordinary prudence and care would have done under the same or similar circumstances. There is no challenge to the findings of the jury as being contrary to the abundance of the evidence on the question of fact that Hulme did not operate the truck at an excessive rate of speed, or that he did what an ordinarily prudent person would have done under the same or similar circumstances. As we view the record, Hulme was operating the pickup at an excessive rate of speed, regardless of what the jury found in its verdict. Under the testimony of a witness called by Hulme, he was operating the truck at a minimum speed of 35 to 45 miles per hour in a 30-mile speed zone. He operated his truck a distance of approximately 300 yards (900 feet) at a time when he could have stopped. Yet, the jury exonerated him of any active negligence. Hulme says he was blowing his horn while he was driving down the side of the highway, and in another phase of his testimony he said that he was jerked loose from the steering wheel of his pickup and was lying flat on the floor while he was driving along the side of the highway.

There has been much written on active and passive negligence, but under the record in this case we do not find any way that we can reverse the holding of the trial court that the man was guilty of only passive negligence. In Tex.Juris. 30–B 204, Sec. 32, we find the following:

"Effect of Relative Ability to Prevent Injury.—Where injury or damage has been caused by the 'concurrent negligence' of two or more persons, either or both of the actors may be held liable for the whole thereof, although one may have contributed in a greater degree to the injury. Further inquiry as to proximate cause is not pertinent. As between the injured innocent party and the joint wrongdoers, there will be no inquiry as to the comparative negligence of the two, and no apportionment of damages based on such comparison. In such case the negligence of both of the parties is the proximate cause of the injury to the injured party."

Then, immediately following the above quotation in 30–B Tex.Juris., page 204, Sec. 33, we find the following:

"Responsibility as between Defendants—Although two or more persons may be held liable by the victim notwithstanding that their opportunities to foresee and prevent the calamity may have differed one from another, yet, as between themselves, one may claim indemnity from the other or others. *As between active and passive tortfeasors, the law permits recovery by the passive wrongdoer against the active wrongdoer.* Where the dispute is as to the responsibility for the prejudicial occurrence, the decision proceeds in accordance with the showing as to the relative ability of one and another to have foreseen and averted the harm. The negligence of the active perpetrator of the wrong would be the proximate cause of the injury to the party whose negligence did no more than produce the condition." (Emphasis added.)

Under these holdings and the authorities therein cited, there is nothing we can do except overrule the appellants' thirteenth point of error.

The judgment of the trial court is affirmed.

### On Motion for Rehearing

Appellants, Landess, Pearson and Mills, have filed a motion for leave to file an amended brief. We have granted the motion and permitted the amended brief to be filed. We gave the appellees, Thomas, Nu-

Grape Bottling Company, and Hulme the privilege of answering the amended brief. The action was granted by virtue of Rules 5, 431, 437, 469, 481, and 504, V.A.T.R.C.P. There is no need discussing the holding, because a careful study of the rules and the decisions cited thereunder will sustain the same.

In their motion for new trial, appellants complain of our action in affirming the action of the trial court for many reasons. What we have said in the original opinion is sufficient to overrule the motion for new trial; except, we must grant the 12th and 13th points (amended) as brought forward in the amended brief. From what has been stated in the original opinion the appellee Hulme was guilty of operating the Nu-Grape pickup at a speed in excess of 30 miles per hour. Appellees, Nu-Grape Bottling Company, and Hulme, offered in evidence a picture which showed the maximum speed limit to be 30 miles per hour. They are bound by that testimony. Lock v. Morris, Tex.Civ.App., 287 S.W.2d 500, writ ref., n. r. e.

Under the evidence, it was shown that Hulme came over the brow of a hill at a rapid rate of speed. All of the witnesses who saw him testified as to his excessive speed, except Hulme. There can be no doubt that he traveled from the brow of the hill down into a level place, a distance of a minimum of 900 feet. At the time Hulme's pickup struck the truck driven by Thomas, it was going so fast that it pitched around in the road and headed back in the same direction from which it was coming. The finding of the jury that Hulme was not driving the pickup at a greater rate of speed than a person of ordinary care and prudence would have driven or operated the same is contrary to the overwhelming weight and preponderance of the evidence and is clearly wrong. The jury had already convicted Hulme of failing to keep a proper lookout, and failure to keep the truck under proper control, and that each of such failures were a proximate cause of the collision with Thomas.

After the trial was over, Nu-Grape and Hulme filed a motion with the trial court requesting that Hulme be found guilty of passive negligence, and that they be granted indemnity against the appellants. The trial court granted such motion, and gave full indemnity to Nu-Grape and Hulme. The law of liability under Art. 2212, V.A.T.C.S. is discussed by the Texas Supreme Court in Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563, 565. Even with the jury finding that Hulme did not operate his vehicle at a greater rate of speed than a person of ordinary prudence would have operated the same, the evidence clearly convicts each of the tortfeasors of wrongful conduct which joined and concurred in bringing about the injury to Thomas. Quoting from Austin Road Co. v. Pope, we find the following:

"The evidence and jury findings herein clearly convict each of the tortfeasors of wrongful conduct which joined and concurred in bringing about the injury. Each party did more than merely create a condition under which the other negligently acted. The negligent conduct of each was a proximate cause of the collision and the injury inflicted was by their joint and concerted action. The act of neither was the sole proximate cause. Both tortfeasors were present on the scene, either in person or by representatives, and each participated in the wrong. Either one or both might have prevented the wrong. Neither did. Each owed the other the same due care, and each owed the duty to exercise ordinary care for the safety of the injured party. Both violated these duties. Consequently, each was guilty of the same quality of negligence toward the injured workman. Thus they stand in pari delicto with each other and must, under the statute, share equally the burdens arising from their wrongful conduct. Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W.2d 738, writ refused; Dallas Ry. & Terminal

Co. v. Harmon, Tex.Civ.App., 200 S.W. 2d 854, writ refused. Therefore, the Court of Civil Appeals correctly reformed the judgment for contribution in favor of Pope so as to award him recovery against the Austin Road Company for one half the amount of the judgment recovered by Jackson."

The appellants' amended points 12 and 13 are sustained, and the judgment of the trial court granting indemnity to Nu-Grape and Hulme as against the appellants is reversed and rendered; otherwise, the judgment of the trial court is affirmed.

Appellants and appellees will have fifteen days from this date to file a motion for rehearing.