**PETCO CORPORATION, Appellant,**

**v.**

**W. F. PLUMMER, Appellee.**

**No. 16569.**

Court of Civil Appeals of Texas.

Dallas.

June 4, 1965.

Rehearing Denied July 2, 1965.

**164**

Strasburger, Price, Kelton, Miller & Martin, and Royal H. Brin, Jr., Dallas, for appellant.

Baker, Jordan, Shaw & Foreman, Russell M. Baker, Dallas, for appellee.

BATEMAN, Justice.

Appellee W. F. Plummer sued for damages for bodily injuries resulting from a gas explosion, originally naming as defendants Lone Star Gas Company (herein called Lone Star), Petco Corporation (herein called Petco), L. & L. Electric Company and Gene's Plumbing Company. Petco had built a house for resale and had contracted to sell it to one Jones and wife, who were in the process of moving into the house at the time of the explosion, although a deed conveying the property to them had not yet been executed. A gas cooking stove had been installed in the kitchen, but at the request of the purchasers it had been replaced with an electric stove, and in making this change the gas pipes in the kitchen were left uncapped. L. & L. Electric Company had been the electric contractor and Gene's Plumbing Company the plumbing contractor. Lone Star Gas Company, a public utility, furnished gas to Petco during the construction of the house for the convenience of Petco's and other workmen. There was a stopcock outside the house at the foundation, where the gas in the house could be turned on and off.

On February 23, 1962, one of Petco's employees had turned the gas on at the foundation, had gone into the house, smelled gas and saw that the gas lines leading into the kitchen were open and uncapped. He informed a painter on the job and another of Petco's employees of this situation, and the other employee turned the gas off at the foundation. Neither of these Petco employees passed this information on to any of Petco's supervisory employees. Three days later, on February 26, 1962, Mrs. Jones made the appropriate meter deposit with Lone Star and Lone Star's employee came to the house to change the gas service into the name of Mr. and Mrs. Jones. Discovering that the gas had been turned off at the foundation stopcock, Lone Star's employee turned it on, ignited the hot water heater and attempted unsuccessfully to light the central heating system. He did not discover the gas leak in the kitchen. On the same day Plummer, who was an employee of the heating contractor, entered the house to turn on the central heating system. As soon as he did so the explosion occurred, resulting in serious bodily injuries to Plummer.

After suing the four defendants, Plummer settled with all of them except Petco and filed an amended petition naming only Petco as defendant. Petco then brought Lone Star Gas Company back into the case by cross-action for indemnity or, in the alternative, contribution.

The jury found that Petco's employees were negligent (1) in failing to inspect the gas lines in the kitchen to ascertain whether they were capped, (2) in failing to cap such lines or have them capped, and (3) in failing to notify Petco's foreman or supervisors that the lines were open and uncapped; each of which negligent omis-

sions was found to be a proximate cause of the explosion. The jury also found that Lone Star was negligent (1) in turning the gas on at the foundation cutoff and leaving it on, (2) in failing to make a five-minute meter test, and (3) in failing to observe the flow of gas through the meter after turning it on; and that each such negligent act was a proximate cause of the explosion.

Lone Star had paid Plummer $75,000 in compromise settlement, taking from him a covenant not to sue and agreement to indemnify it against further liability. Plummer had also settled with L. & L. Electric Company for $1,250 and with Gene's Plumbing Company for $1,750, giving to each of them also a covenant not to sue. The jury found that Plummer's damages were $150,-000, to which the court added $15,959.92, which had been stipulated as medical expenses, making a total of $165,959.92. The court then credited thereon the $3,000 received by Plummer from L. & L. Electric Company and Gene's Plumbing Company, reducing the total damages to $162,959.92, then held that Petco was entitled to contribution from Lone Star and rendered judgment for one-half of the figure last mentioned, or $81,479.96. Petco appeals on three points of error.

By its first point of error Petco says the court erred in rendering any judgment against it, its theory being that it was entitled to indemnity against Lone Star as a matter of law under the record and jury findings and, since Lone Star was in turn entitled to indemnity from Plummer under the terms of their settlement agreement, the only proper judgment was one that Plummer take nothing against Petco. This would avoid useless circuity of action among these parties and arrive at the same result. Panhandle Gravel Co. v. Wilson, Tex.Civ.App., 248 S.W.2d 779, wr. ref. n.r.e.

This principle is well recognized in our jurisprudence, but in the present situation is applicable only if Petco can demonstrate that Lone Star breached a duty which it owed to Petco and that Petco did not breach any duty which it owed to Lone Star. Petco takes the position here that since it owned the house and was a customer of Lone Star, the latter owed to it a duty which it breached by committing the three acts of negligence found by the jury.

We fail to see in this record a breach by Lone Star of any duty owing by it to Petco except the general duty which it owed to Plummer and all others who were lawfully on the premises at the time of the explosion. Petco contends that Lone Star owed a special duty to it because it was a customer. It is true that Lone Star furnished gas to Petco at this house during its construction, but on the day of the explosion, according to the undisputed evidence, the act of Lone Star's employee in turning the gas on at the foundation stopcock and leaving it on was in response to the request of Mrs. Jones, one of the purchasers of the property, that the gas service be transferred from Petco's name to theirs. In doing this the employee read the gas meter so that gas furnished prior to that date could be charged to Petco and gas furnished thereafter charged to Jones. We do not think that under these circumstances Lone Star owed any special duty to Petco which it did not owe to all persons lawfully on the premises.

So much has been written on the rights and duties of tortfeasors among themselves that we pretermit a full discussion here of the development of the law thereon. See Hodges, "Contribution and Indemnity Among Tortfeasors," 26 Tex.L.Rev. 150; Wheeler v. Glazer, 137 Tex. 341, 153 S.W. 2d 449, 140 A.L.R. 1301; Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563; Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005; and Palestine Contractors, Inc. v. Perkins, Tex.Sup. 1964, 386 S.W.2d 764. Suffice it to say here that under the modern rule indemnity is not allowed in such cases unless it be found that the tortfeasors are not *in pari delicto*. The rule

is thus stated in 30 Tex.Jur.2d, Indemnity, p. 453, § 9:

"A common-law right to indemnity, as distinguished from contribution, exists where two or more persons are chargeable with negligence and are liable to the injured party, but where, as between the wrongdoers, a duty is owing from one to the other or one is guilty of a greater degree of culpability. In this situation, the person owing the duty or guilty of the greater culpability may be required to indemnify the other negligent person in full for whatever damages he has been compelled to pay."

█ It seems clear to us that Petco is not entitled to indemnity from Lone Star under the common law, but that their respective rights are governed by Vernon's Ann.Civ.St., Art. 2212, providing for contribution, which rule the trial court applied. As we see it, each of these defendants owed a duty to exercise ordinary care for the safety of Plummer and all others lawfully on the premises. Both were found to have breached that duty, and each was guilty of the same quality of negligence toward Plummer. "Thus they stand in *pari delicto* with each other and must, under the statute, share equally the burdens arising from their wrongful conduct." Austin Road Co. v. Pope, 147 Tex. 430, 216 S.W.2d 563, 566. See also Gulf, Colorado & Santa Fe Ry. Co. v. Bliss, Tex.Sup.1963, 368 S.W.2d 594, 596, and Union Iron & Metal Co. v. Gibson, Tex.Civ.App., 374 S.W.2d 458, 462, wr. ref. n. r. e.

The first point of error is overruled.

█ Appellant Petco argues in its second point of error that, since Plummer had settled with three other joint tortfeasors, the judgment against appellant should have been for only one-fourth of Plummer's damages as found by the jury. Appellee objects to our consideration of this second point because it is not germane to any ground of error in appellant's amended motion for new trial. Rule 374, Vernon's Texas Rules of Civil Procedure. Appellant says this objection is without merit because its contention is not one for which a new trial would be a proper remedy. We do not agree with appellant. If this was a matter which appellant intended seriously to present to this court it should have first presented it to the trial court and given that tribunal an opportunity to rule upon it. This could have been done by appropriate motion, before or even after final judgment was rendered, and unfavorable action on the motion could have been assigned as error in the motion for new trial. In our opinion, the point was waived, but if we be mistaken in so holding we would nevertheless be compelled to overrule the point for the reasons now to be discussed.

Appellant relies on the recent case of Palestine Contractors, Inc. v. Perkins, Tex. Sup.1964, 386 S.W.2d 764. In that case Mrs. Perkins had suffered personal injuries in a collision between her automobile, a truck belonging to Palestine Contractors, Inc., and an automobile operated by one Conoway. After the collision Mrs. Perkins and her husband gave Conoway a covenant not to sue, which did not contain an indemnity agreement, and then sued Palestine Contractors. The latter filed a third party action against Conoway for indemnity or, alternatively, contribution. The jury found both Palestine's driver and Conoway guilty of negligence which was a proximate cause of the collision. Judgment was rendered against Palestine Contractors for $26,500, with recovery over against Conoway for half, or $13,250. After reviewing the authorities in Texas and other jurisdictions, together with several learned treatises, and placing its decision squarely on Gattegno v. The Parisian, Tex.Com.App.1932, 53 S.W. 2d 1005, the Supreme Court held that the giving of the covenant not to sue to Conoway precluded the Perkinses from recovering from Palestine Contractors more than half the damages found by the jury. Their judgment was reduced from $26,500 to $13,-250. The court rejected the argument that

in a case where the settling defendant was insolvent the plaintiff should have his full damages from the non-settling defendant, less the amount paid by the insolvent settling defendant.

■ However, we are not persuaded that the holding in Palestine Contractors, Inc. v. Perkins, supra, requires limiting the judgment against appellant in this case to one-fourth of the total damages found. We think the cases are easily distinguishable. In the Palestine Contractors case the other tortfeasor Conoway was a party to the suit, was definitely being sued on the third party action for indemnity or contribution, and the jury convicted him of an act of negligence proximately causing the collision. Thus it was established beyond doubt that Conoway *was* a joint tortfeasor. In the present case, however, neither L. & L. Electric Company nor Gene's Plumbing Company was a party to the suit; no one was alleging that either of them had negligently caused the explosion; and Petco did not see fit to bring them back into the case, as it did Lone Star, and sought no indemnity or contribution against either of them in the trial court, and there was no finding of fact that either of them was guilty of any negligence proximately causing the explosion. As we read and understand Justice Greenhill's scholarly opinion in Palestine Contractors, Inc. v. Perkins, supra, it does not require the award of damages to be diminished in proportion to the number of persons claimed by the appellant, for the first time in the appellate court, to have participated in the wrongdoing which caused the plaintiff's injuries, but only in proportion to the number of parties to the suit who have been found to be tortfeasors as alleged.

We think the opinion of the Houston Court of Civil Appeals in Skyline Cab Co. v. Bradley, Tex.Civ.App., 325 S.W.2d 176, 183, wr. ref. n. r. e., is more in point here. In that case Mrs. Bradley, a passenger in the taxicab of Skyline Cab Company when it collided with an automobile driven by a

Mrs. Foster, sued the cab company, its driver and Mrs. Foster, but thereafter settled with Mrs. Foster for $4,200 and dismissed as to her. Skyline sued Mrs. Foster as a third party defendant for damages to its cab in the sum of $464.62, but did not seek either indemnity or contribution as to Mrs. Bradley's claim. Mrs. Foster sued Skyline in a separate suit for her damages, and Skyline's driver filed a separate suit against Mrs. Foster for his damages. By agreement the three suits were consolidated. The jury found Mrs. Bradley's damages at $14,500, and the court gave her judgment for that amount less the $4,200 which had been paid to her by Mrs. Foster in settlement. It was claimed that under Gattegno v. The Parisian, Tex.Com.App., 53 S.W.2d 1005, the release given Mrs. Foster discharged one-half of the damages awarded, but this theory was rejected because Skyline and its driver had made no claim over against her for indemnity against their liability to Mrs. Bradley and did not even ask for contribution. The Houston court held, and we agree, that these facts distinguished that case from Gattegno v. The Parisian, supra. As the principle asserted here by appellant was rejected by the Houston court in that case because Mrs. Foster was not found to be a joint tortfeasor, so we reject it in this case where the alleged tortfeasors were not even parties to the suit. Skyline Cab Co. v. Bradley was discussed but not overruled or disapproved in Palestine Contractors, Inc. v. Perkins, supra. Appellant's second point of error is overruled.

■ By its third point of error the appellant Petco complains of the exclusion from the jury of any evidence of the payments made to appellee by Lone Star Gas Company, Gene's Plumbing Company and L. & L. Electric Company, and the covenants not to sue executed in favor of such parties. Appellant argues that this evidence should have been admitted as bearing on the credibility of the witnesses, Plummer himself and certain employees of Lone Star and one of the partners in Gene's Plumbing Company. It says that this testimony "would

show their motive to gang up and attempt to put all the blame on Petco." In the first place, no evidence of the settlements with L. & L. Electric Company or Gene's Plumbing Company was offered. Nevertheless, we hold that none of this evidence was admissible for any purpose, and that there was no error in excluding it, on the authority of Skyline Cab Co. v. Bradley, Tex.Civ. App., 325 S.W.2d 176, 182, wr. ref. n. r. e.; Myers v. Thomas, 143 Tex. 502, 186 S.W. 2d 811; Johnson v. Willoughby, Tex.Civ. App., 183 S.W.2d 201, wr. ref.; and Caswell v. Satterwhite, Tex.Civ.App., 277 S.W. 2d 237, wr. ref. n. r. e.

■ However, even if the evidence were admissible for the limited purpose claimed by appellant, we would hold that the error in excluding it was harmless. Naturally, no evidence was tendered as to negligence on the part of L. & L. Electric Company or Gene's Plumbing Company, as they were not parties, and no issues thereon were submitted to the jury. The jury found Lone Star guilty of three specific acts of negligence proximately causing the explosion. Therefore, it is difficult to see how Petco was harmed by the court's action. Rule 434, T.R.C.P. The third point of error is overruled.

By cross-point appellee says that because of a stipulation, made orally by the attorneys before the actual trial started, counsel for appellant agreed that the damages found by the jury would be credited only with the total of $78,000 paid to appellee by Lone Star, L. & L. Electric Company and Gene's Plumbing Company, rather than under the contribution statute (Art. 2212, V.A.C.S.). This would increase the judgment to $87,-959.92. Alternatively, appellee contends that proper application of Art. 2212 would make the judgment an even half of the total damages, or $82,979.96, without giving credit for the $3,000. We have carefully considered these contentions and find them to be without merit. Appellee's cross-point is overruled.

We find no reversible error. We think the case was fairly tried, that the evidence and jury findings support the judgment and that the amount of the recovery was correctly computed under the law. Accordingly the judgment is

Affirmed.