**Elizabeth G. KRISHNAN, M.D.,
Appellant,**

**v.**

**Humberto GARZA et ux., et
al., Appellees.**

**No. 1296.**

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 29, 1978.

Jack K. Dahlberg, Jr., Law Offices of Guy Allison, Corpus Christi, for appellant.

A. A. Munoz, II, Atlas, Hall, Schwarz, Mills, Gurwitz & Bland, McAllen, Larry Watts, Houston, for appellees.

## OPINION

BISSETT, Justice.

This is an appeal from a judgment whereby the plaintiff Esmerlinda Garza recovered damages as a result of injuries sustained when the surgeon, who performed a Caesarean operation on her, left a sponge inside her body. Suit was filed by Humberto Garza and wife, Esmerlinda Garza, against Dr. Elizabeth G. Krishnan and the Knapp Memorial Methodist Hospital, both of Weslaco, Texas. Following a jury trial, a joint and several judgment was rendered for the plaintiffs in the amount of $36,000.00, which judgment also denied each defendant's claims for indemnity against the other, but did provide for contribution "to the extent that any defendant paying more than 50% of the judgment is entitled to contribution from the other co-defendant to that extent". Only Dr. Krishnan has appealed from the judgment.

Concerning the issues on breach of duty, negligence and proximate cause, the jury found that Dr. Krishnan failed to fulfill the duty of reasonable care she owed to Mrs. Garza by leaving a lap sponge inside her body after closing the operational incision on June 1, 1974 (Special Issue No. 4), which was negligence and a proximate cause of the injuries suffered by Mrs. Garza (Special Issues 5 and 6); and that the failure of the Hospital's nurse to deliver the x-ray of Mrs. Garza made on June 1, 1974 to the Hospital's radiologist for his interpretation on June 3, 1974 was negligence (Special Issue 10), which was a proximate cause of Mrs. Garza's injuries (Special Issue 11). The jury further found that Dr. Krishnan's acts

or omissions caused 35% of Mrs. Garza's damages, and the Hospital's acts or omissions caused 65% of such damages. A total of $36,000.00 was awarded by the jury as damages, $32,000.00 of which was for past and future physical pain and suffering and the remaining $4,000.00 was for past medical expenses.

Dr. Krishnan complains that the trial court erred in rendering judgment against her because there is no evidence to support the jury's answer to Special Issues 4, 5 and 6, and in the alternative, that the answers to such issues are so against the great weight and preponderance of the evidence as to be manifestly unjust. She further contends that the trial court erred in 1) failing to grant her motion for judgment non obstante veredicto; 2) in denying her motion for indemnity against the Hospital; and 3) in rendering a joint and several judgment because the damages should have been apportioned in the percentage found by the jury in answer to Special Issue 12. Finally, she asserts that the trial court erred in rendering judgment against her for the $4,000.00 medical expenses because 1) the jury found "no negligence as against appellant for leaving the lap sponge in and consequently appellant is not liable as a matter of law for medical expenses to retrieve the sponge", and 2) "those damages represented by the medical expenses were incurred due to an abscess which occurred because of the delay of appellee (Hospital) in reading the x-rays and appellant is not liable as a matter of law for those damages".

We first consider the evidentiary points. In disposing of the "no evidence" points, we view the evidence in its most favorable light in support of the jury's findings, and consider only the evidence which supports those findings and reject all evidence and permissible inferences contrary thereto. *Miller v. Riata Cadillac Company,* 517 S.W.2d 773 (Tex.Sup.1974); *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696 (1914). In disposing of the "great weight and preponderance of the evidence [points]", we review, weigh and consider all of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Plaintiff Esmerlinda Garza was a patient of Dr. Armando Cuellar. She was admitted to the defendant hospital on May 31, 1974, preparatory to delivery of a child. Dr. Cuellar consulted with Dr. Krishnan, and after consultation and examination, it was decided that a Caesarean operation was necessary. It was agreed that Dr. Krishnan would perform the operation, and that she would be attended by Dr. Cuellar. The operation was performed on Saturday morning, June 1, 1974.

In the operating room, there is a "scrub" nurse and a "circulating" nurse, both of whom are employees of the Hospital. They are responsible for opening the packages of sponges and counting them before the operation and immediately afterward. After the operation, the surgeon is then notified by one of them whether or not the sponge count is correct. The sponge in question in this case is known as a "lap sponge" and contains a marker in one corner which will show up on an x-ray.

In the particular surgical procedure performed on Mrs. Garza, the sponge count was given by the Hospital's nurse as being correct prior to "coming out", that is, while the incision is still open and prior to being sewn up. The duty to count the sponges is on the nurses assisting the surgeon. Dr. Krishnan did not run her hand down the left or the right "gutter" to make sure that all the sponges were out.

After the incision had been closed surgically, Dr. Krishnan was advised that one sponge might be missing. She then stopped all procedures in order to verify the sponge count, or to determine the whereabouts of the missing sponge. She requested x-rays. The Hospital's x-ray technician brought a portable x-ray machine to the operating room and took two views, an anterior-posterior view, and a lateral view. The anterior-posterior view did not come out since the x-ray machine misfired. Only the lateral view was readable.

An anterior-posterior view x-ray is more likely to show the lap sponge marker than a

lateral view x-ray. Dr. Roeder, the Hospital's radiologist, testified that under the circumstances it would have been good procedure to have taken another x-ray in order to obtain a good anterior-posterior view. Dr. Krishnan read the lateral view x-ray as not showing that the sponge was inside Mrs. Garza. It was usual to have the surgeon read his or her own x-rays which were made on weekends since the radiologist was away from the Hospital at those times. The lateral view x-ray contained a mark which Dr. Krishnan read as coming from one of the dressings *outside* the surgical wound. Dr. Roeder agreed that such was a possibility, but further stated that another anterior-posterior view x-ray should have been made, and that it was bad procedure not to have done so. Dr. Roeder was on twenty-four hour call on weekends, and doctors usually do call him if they feel that they need his interpretation of x-rays. Dr. Roeder lives only five minutes away from the Hospital, and was at home while this particular Caesarean section was being performed.

It was the policy of the Hospital to mark, log and identify all x-rays. Such was not done in this instance. On the weekends, the x-rays which were taken but which were not then read by Dr. Roeder would be placed on his desk, to be reviewed by him the first thing Monday morning. That was not done in this case. The lateral x-ray was found in the discard bin about ten days after it was taken. No explanation was given as to how it got there. Dr. Krishnan did not hear from Dr. Roeder on the following Monday morning, nor did she ask that Dr. Roeder read the lateral x-ray on that Monday.

Mrs. Garza was released from the Hospital on June 7, 1974. She later returned to the Hospital with various complaints which were treated as a urinary tract infection. When she did not respond favorably to the treatment, she was re-admitted by Dr. Krishnan. A new anterior-posterior x-ray was made, which clearly revealed the lap sponge in her abdomen. A second surgery was perform on June 10, 1974, and the lap sponge was removed. A third surgery was later performed to further clean and drain an abscess which localized at the place where the sponge had been.

■ Dr. Krishnan's evidentiary points cannot be sustained. She was made aware in the operating room that a sponge might be missing. She investigated and observed something on the lateral view x-ray which she interpreted to be "marker" on a surface bandage. She then concluded that a sponge had not been left in Mrs. Garza's body.

There was ample evidence that the procedure which Dr. Krishnan followed to determine whether a sponge had been left in Mrs. Garza's body prior to closing was incomplete. She chose to forego taking another anterior-posterior x-ray to confirm her theory and in this instance, her theory was incorrect. There was competent testimony of probative value that it was poor procedure not to take another anterior-posterior x-ray under the circumstances. Had a readable anterior-posterior view x-ray been obtained on June 1, 1974, when the Caesarean operation was performed, as was done sometime between June 7, 1974 and June 10, 1974, unquestionably the "mark" which showed in the lateral view x-ray, which Dr. Krishnan read as "an outside dressing", would have been clearly visible as a lap sponge marker inside of Mrs. Garza's body. If Dr. Krishnan had insisted that x-rays be taken until a readable anterior-posterior view x-ray was obtained, instead of relying solely on the lateral view x-ray, the lap sponge would have been easily and readily detected as being inside of Mrs. Garza's body, and it could have been removed before the abscess began to form and develop. We find ample evidence to support the jury's answers to Special Issues 4, 5 and 6. Such answers are not against the great weight and preponderance of the evidence. Dr. Krishnan's points 2, 3 and 4 are overruled.

■ We next consider Dr. Krishnan's complaint that the trial court erred in denying her motion for indemnity. At common law, indemnity was allowed where the tortfeasors did not stand in pari delicto with

each other. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950). Our Supreme Court, in *Strakos v. Gehring,* 360 S.W.2d 787 (Tex.Sup.1962), in reviewing the development of the law in the fields of indemnity and contribution, discusses the three approaches used to establish a common-law right of indemnity. One involves different qualities of negligence; another involves a breach of duty as between tort-feasors; and the other gives indemnity to the tort-feasor who is only vicariously liable by operation of law. The instant case is not susceptible to any of these approaches. Dr. Krishnan is not vicariously liable by operation of law since her liability is determined by her own acts and omissions. Dr. Krishnan's negligence was not the sole cause of Mrs. Garza's injuries. The Hospital and Dr. Krishnan were joint tort-feasors. Either one or both might have prevented the injuries sustained by Mrs. Garza; neither did; each owed the other the same due care, as well as the duty, to exercise ordinary care for the protection of Mrs. Garza's well-being; both violated those duties; consequently each was guilty of the same quality of negligence, and since they stand in pari delicto with each other, they must, under Tex.Rev.Civ.Stat.Ann. art. 2212 (1971), share equally the burdens arising from their own negligent conduct which proximately caused the injuries sustained by Mrs. Garza. See *Austin Road Co. v. Pope,* 147 Tex. 430, 216 S.W.2d 563 (1949).

Dr. Krishnan is not entitled to indemnity, and contribution, as provided by art. 2212, becomes relevant. Dr. Krishnan's point 1 is overruled.

■ Dr. Krishnan also contends in a point of error that it was error to render a joint and several judgment because of the jury's answer to Special Issue 12, which issue and the answer thereto reads, as follows:

"If, in answer to the foregoing issues you have found that the acts or omissions of more than one person proximately caused the occurrence in question, then answer the following issue; otherwise, do not answer the following issue. From a preponderance of the evidence, what percentage of the damages, if any, to MRS. ESMERLINDA GARZA were caused by each of the following parties?

Answer in numbers from 0% to 100%:

DR. ELIZABETH KRISHNAN 35%

KNAPP MEMORIAL METHODIST HOSPITAL 65%"

The point has no merit. The issue submitted did not inquire as to *comparative negligence* of the joint tort-feasors, as provided by Tex.Rev.Civ.Stat.Ann. art. 2212a (Supp.1977). Instead, inquiry was made as to *comparative damages.* Dr. Krishnan did not request that an issue on comparative negligence between her and the Hospital be submitted to the jury. The trial court did not err in ordering contribution, as was ordered in the judgment, rather than apportioning the damages according to the percentages of *damages* found by the jury. Dr. Krishnan's point 5 is overruled.

■ Dr. Krishnan further asserts that the trial court erred in rendering judgment against her for any portion of the $4,000.00, which was found by the jury to be the damages sustained because of past medical expenses. She says that she is not liable for those medical expenses as a matter of law since they were incurred in retrieving the sponge and because of the abscess which, according to her, "occurred because of the delay of appellee in reading the x-rays". She also argues that such liability should not be imposed on her because the jury exonerated her from any failure to fulfill the duty of reasonable care which she owed Mrs. Garza by failing to discover the lap sponge inside Mrs. Garza's body prior to the closing of the operational incision on June 1, 1974, and further refused to find that she failed to fulfill the duty of reasonable medical care she owed to Mrs. Garza by failing to drain the infected abscess on or about June 10, 1974. We do not agree.

As already stated, Dr. Krishnan did not order that a readable anterior-posterior view x-ray be made, which, had that been done, would have shown that the sponge that "might" have been missing was actually inside Mrs. Garza's abdomen. She also failed to make any effort to confirm her findings made by her analysis of the lateral

x-ray by consulting with Dr. Roeder, the radiologist. In short, she did not recheck her procedure. Due to the unusual circumstances of the case, we think Dr. Krishnan had a continuing duty with respect to confirmation of her x-ray analysis. Her acts and omissions, combined with the Hospital's failure to properly review the x-rays taken, constitute evidence of concerted action by her and the Hospital which proximately caused the incurrence of medical expense.

The jury exonerated Dr. Krishnan in "failing to discover the lap sponge inside Mrs. Esmerlinda Garza prior to the *closing of the operational incision*", not that she was exonerated because "the jury found no negligence as against appellant for *leaving the lap sponge in*", as stated by Dr. Krishnan in her brief. The negligent conduct of both Dr. Krishnan and the Hospital proximately caused a single indivisible injury to Mrs. Garza. They were joint tort-feasors, and, therefore, jointly liable for all of the damages awarded Mrs. Garza. Dr. Krishnan's points 6 and 7 are overruled.

Based on the evidence, hereinbefore stated, it is our belief that the trial court properly overruled Dr. Krishnan's motion for judgment non obstante veredicto. Dr. Krishnan's point 8 is overruled.

The judgment of the trial court is AFFIRMED.