**KIRBY LUMBER CORPORATION et al., Appellants,**

v.

**Clarence N. YARBROUGH et al., Appellees.**

**No. 6931.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 22, 1968.

Motions for Rehearings Denied March 27, 1968.

Weller, Wheelus & Green, Beaumont, Ralph Zeleskey, Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellants.

Carl Waldman, Beaumont, for appellees.

STEPHENSON, Justice.

This is an appeal from an order overruling pleas of privilege of Kirby Lumber Corporation and Crawford Bowen. Plaintiffs, who are residents of Hardin and Jefferson Counties, Texas, brought this action for damages in Hardin County against the defendants, Kirby Lumber Corporation, Crawford Bowen, Lonnie Herrin and Henry Shane. A motion for summary judgment was granted Henry Shane before these pleas of privilege were heard. It was alleged in plaintiffs' petition that defendant, Lonnie Herrin, was a resident of Jasper County, Texas, and no plea of privilege was filed on his behalf. Kirby Lumber Corporation stated in its plea of privilege that it was a corporation with its domicile and principal place of business in Harris County, Texas. Defendant, Crawford Bowen, alleged in his plea of privilege that he was a resident of Jasper County, Texas. In their controverting pleas, plaintiffs alleged several exceptions to the venue statute, but on this appeal rely upon subsections 9 and 9a of Article 1995 Vernon's Ann.Civ.St. Under Section 9, it is alleged that defendants violated Article 784 of the Penal Code, Vernon's Ann. Following a hearing before the court, the pleas of privilege were overruled. No findings of fact or conclusions of law were requested and none were filed. The parties will be referred to here as in the trial court, and defendant, Kirby Lumber Corporation, will be called defendant Kirby.

Plaintiffs alleged in their petition, which was incorporated in their controverting affidavit, that five minors were riding in an automobile driven by one of them, Bobby Biano, in an easterly direction on Highway 105 in Hardin County, Texas. That about 7:10 a. m. on the morning of January 11, 1963, as they reached a point just east of the Pine Island Bayou Bridge, the car ran over some dirt, mud or other substance which had accumulated on the highway, which caused the car to skid, go out of control and crash into a tree. One of the passengers, Judy Fay Denton, was killed and the others injured. That defendant Kirby was in charge of hauling logs from

the area adjacent to the highway and the vehicles tracked mud, water and substances onto the highway, causing it to be slippery and dangerous. That the defendants, jointly and severally, were negligent and careless as follows:

a. In causing the mud and other substances to be accumulated on the highway.

b. In failing to remove and clean off the highway.

c. In failing to warn the plaintiffs and other members of the public who traveled on said highway.

d. In obstructing the safe passage of the highway.

e. In failing to erect barricades or other warning signs so as to warn the traveling public and especially plaintiffs.

f. In obstructing the highway in violation of Article 784 of the Penal Code of the State of Texas, which reads as follows: "P.C. 784. Obstructing Public Road, Street, etc.—Whoever shall wilfully obstruct or injure or cause to be obstructed or injured in any manner whatsoever any public road or highway or any street or alley in any town or city or any public bridge or causeway within this State shall be fined not exceeding two hundred dollars."

The primary points of error are that there is no evidence to support the implied findings by the trial court that defendants, Kirby and Bowen, were guilty of an act of negligence which was a proximate cause of the accident in question, that there was insufficient evidence and that such findings were contrary to the great weight and preponderance of the evidence. These points are overruled.

We have concluded that this case is controlled by Kirby Lumber Corporation v. Walters, 277 S.W.2d 796. The Walters case also involved an automobile accident resulting from mud on the highway. The Court of Civil Appeals held that a prima facie case was made out against Kirby on the theory that it was guilty of negligence which proximately caused the collision under Section 9a of Article 1995 V.A.C.S. The following statement of law in the Walters case is as follows:

The defendants were entitled to make reasonable and lawful use of the highway in their hauling and travel, but were under the duty while using it of not wilfully or negligently injuring others who, in the exercise of their lawful right, might also be using it, and of not wilfully or negligently creating thereon any condition that was fraught with danger to other lawful users, without taking appropriate precautions to warn and safeguard them against it. The undisputed evidence is sufficient in this instance to support a finding that the defendants, including Kirby and Hare, breached the duty owing by them in the respect last mentioned, and in so doing were guilty of negligence.

It is undisputed that defendants, Herrin and Bowen, were independent contractors, cutting, loading and hauling logs from Kirby land. It is also undisputed that Kirby was engaged in salvage operation, as it is called, from the same land located in the area of this accident. There is direct testimony that a Kirby truck deposited at least a part of the mud on the highway the day before this accident, that it had been raining and was raining at the time of the accident, and that this accident occurred when the automobile involved struck some mud on the highway at approximately the same location, causing the automobile to skid into the tree. In the Walters case, supra, it is stated that it was not necessary for the plaintiffs to show the degree to which the acts of Kirby contributed to cause the collision and quoted the case of Landers v. East Texas Salt Water Disposal Company, 151 Tex. 251, 248 S.W.2d 731, as follows:

Where the tortious acts of two or more wrongdoers join to produce an indivisible

injury, that is, an injury which from its nature cannot be apportioned with reasonable certainty to the individual wrongdoers, all of the wrongdoers will be held jointly and severally liable for the entire damages and the injured party may proceed to judgment against any one separately or against all in one suit.

It is admitted that defendant, Bowen, worked 17 men, 4 trucks, 4 caterpillars and a loader on the Kirby land near where the accident occurred the day before this accident. That these trucks would make two or three trips a day to the mill. Giving the evidence heard by the trial court, every reasonable intendment and inference in support of this judgment, we find no error on the part of the trial court in overruling the pleas of privilege.

■ There is a point of error that the undisputed evidence establishes as a matter of law that defendant Kirby violated no duty of care to plaintiffs because the undisputed evidence established that if there was any condition which caused or contributed to cause the collision in question, such condition was well known to the driver of the plaintiffs' vehicle, and if such condition caused or contributed to cause the accident, it was the result of the sole acts and omissions of the driver. This point is overruled. The testimony of the driver, Biano, one of the plaintiffs, was to the effect that he had seen the mud on the highway during the Christmas holidays, had not traveled this road for two or three days, although he had traveled it the day before but had not noticed the mud on the highway that day. Assuming that the driver knew of the mud on the highway, there is no evidence that all of the occupants of the plaintiffs' car knew of the mud, and the evidence does not establish as a matter of law that the acts of the driver of the car, Biano, were the sole cause of the accident.

Affirmed.