CENTRAL FREIGHT LINES et al., Appellants,

v.

Raymond W. PRIDE, Appellee.

No. 8381.

Court of Civil Appeals of Texas, Beaumont.

Sept. 20, 1979.

Rehearing Denied Oct. 18, 1979.

Lipscomb Norvell, Jr., S. C. Barkley, Beaumont, John O. Kain, Houston, Louis M. Scofield, Beaumont, James R. Roos, Houston, for appellants.

Ronald D. Krist, Richard R. Morrison, III, Houston, for appellee.

KEITH, Justice.

Defendants below appeal from an adverse judgment entered in a personal injury action arising out of a collision of two vehicles.

### Statement of the Case

During the afternoon of September 9, 1977, while driving in a hard rain, a truck owned by Central Freight Lines and operated by Kenneth Wilburn (hereinafter collectively "Central") collided with a vehicle driven by plaintiff. The accident happened upon State Highway 73 at or near the western city limits of the City of Port Arthur. At that point the highway is a straight two-lane road and Central was proceeding easterly while plaintiff was proceeding in a westerly direction. According to each driver, he was going about 35–40 miles per hour.

As Central approached a bridge over a small bayou, the truck-trailer suddenly jackknifed, crossed to the northern side of the road, crushed plaintiff's car, and the tractor tore down the guardrail on the northern side of the bridge over the bayou. When stopped, the trailer completely blocked the westerly lane of the road. Plaintiff's vehicle was destroyed and he sustained severe injuries.

B & B Auto Supply, Sand Pit, and Trucking Company (hereinafter "B & B") operated a dirt pit alongside the highway near the bridge. Trucks loaded with dirt coming

from the dirt pit had deposited large chunks of clay, dirt, and debris on the roadway and B & B had undertaken to clean up the material so deposited on the road. Notwithstanding such efforts, there was a considerable amount of material on the roadway at the time of the accident rendering the highway extremely slick. Central's driver blamed the loss of control on the slickness of the roadway caused by B & B's acts and omissions.

Plaintiff sought judgment against Central and B & B, jointly and severally. Each sought indemnity and contribution from the other and B & B interpleaded as third-party defendants the owners of the trucks which had actually deposited the mud, etc., on the roadway. At the trial, Coy Burroughs, the chief executive and dominant stockholder of B & B, testified unequivocally that the cleanup operations were the responsibility of B & B, that none of the truck operators had any responsibility therefor; and that he had undertaken to conduct the cleanup operations before the collision.

At the conclusion of the evidence, plaintiff nonsuited the truck owners and the Court granted a peremptory instruction in their favor as to the claims over and against them by B & B. The jury found Central and B & B guilty of negligence proximately causing the collision, exonerated plaintiff of any contributory negligence, and affixed the ratio of negligence as to the two defendants in the proportion of two-thirds against Central and one-third against B & B. No complaint is made as to the amount of damages awarded plaintiff.

Upon proper motion, the court entered judgment against both defendants, jointly and severally, and granted Central complete indemnity against B & B, denied B & B any relief as to the truck operators, and the two defendants have perfected their appeal. We affirm.

### Central's Appeal

Central has brought forward seven points of error, all of which challenge the findings that Central's driver was guilty of negligence proximately causing the collision.

The points include legal and factual sufficiency points as well as others contending that the jury findings are against the great weight and preponderance of the evidence. In passing upon these points, we will follow the usual rules laid out with admirable simplicity in the new publication *Appellate Procedure in Texas (State Bar of Texas)*, Knapp, "The Appellant's Brief", § 14.4[4][a] and [b], at 306–307 (2d Ed. 1979), where the leading cases on the subject are cited.

■ In essence, Central's contentions are all based upon the proposition that Wilburn's testimony should have been accepted by the jury. It argues that he lost control of his truck-tractor only because of the negligence of B & B and that the jury was not authorized by any competent evidence in the record to disbelieve him.

The short answer to this argument is that Wilburn was a defendant and an interested witness. The most that his testimony did, under our record, was to raise a jury issue. His testimony did not establish, as a matter of law, the existence of the facts he gave to the jury. *Central Freight Lines, Inc. v. Bergeron*, 470 S.W.2d 117, 121 (Tex.Civ. App.—Beaumont 1971, writ ref'd n. r. e.), and cases therein cited. See also *Broussard v. Moon*, 431 S.W.2d 534, 537 (Tex.1968).

All of Central's points of error are overruled.

### B & B's Appeal as to Central

B & B has nine points of error directed at three facets of the judgment. In point one, it contends that the trial court erred in granting Central indemnity over and against it while the second point contends that it was error for the court not to award it contribution over and against Central. We will treat these points first.

■ Under our undisputed record, B & B owed a duty to both plaintiff and Central to remove the dirt and debris from the road so as to prevent a vehicle skidding because of the presence of the mud. One of the more recent expressions of the rule is to be found in *General Motors Corp. v. Simmons*, 558 S.W.2d 855, 859 (Tex.1977), wherein

Justice Pope quoted at length from *Austin Road Co. v. Pope*, 147 Tex. 430, 216 S.W.2d 563, 565 (1949), holding:

> "Although both tortfeasors [Central and B & B] are liable to the injured plaintiff [Pride], the court said [in *Pope*], as between themselves the blameless should be allowed indemnity. The court then stated this rule: 'In order to determine whether the loss should be shifted from one tortfeasor to another the proper approach is to consider the one seeking indemnity as though he were a plaintiff suing the other in tort, and then determine whether such a one as plaintiff, though guilty of a wrong against a third person, is nevertheless entitled to recover against his co-tortfeasor.' "

Justice Folley in *Pope*, supra, cited as his sole authority for the holding, the seminal and authoritative discussion of Professor Gus Hodges, "Contribution and Indemnity Among Tortfeasors", *26 Texas L.Rev. 150, 160–161 (1947)*. We apply this "imaginary lawsuit" test to the case at the bar.

In two venue appeals dealing with mud on highways, this court has found that plaintiffs established a prima facie cause of action against a defendant situated such as B & B in our case. See *Kirby Lumber Corp. v. Yarbrough*, 425 S.W.2d 709, 711 (Tex.Civ.App.—Beaumont 1968, no writ); and *Kirby Lumber Corp. v. Walters*, 277 S.W.2d 796, 799 (Tex.Civ.App.—Beaumont 1955, no writ). Indeed, our case is somewhat similar to *Skelly Oil Co. v. Johnston*, 151 S.W.2d 863, 867 (Tex.Civ.App.—Amarillo 1941, writ ref'd).

B & B recognizes the "imaginary lawsuit" test but argues that since the jury found Central's negligence was responsible for two-thirds of plaintiff's damage, while B & B's negligence was responsible for only one-third thereof, Central would not have prevailed in a suit against it. In advancing this argument, B & B has confused its facts. There was no jury finding on the "imaginary lawsuit".

As noted earlier, B & B undertook sole responsibility for the removal of the mud from the highway, and relieved the truckers hauling dirt from its pit of any responsibility therefor.[1] B & B undertook the cleanup operation and thereby came within the rule enunciated most recently in *Colonial Savings Ass'n v. Taylor*, 544 S.W.2d 116, 119 (Tex.1976):

> "[O]ne who voluntarily undertakes an affirmative course of action for the benefit of another has a duty to exercise reasonable care that the other's person or property will not be injured thereby."

In support of the text, the Court quoted from *Restatement (Second), Torts, § 323 (1965)*.

B & B breached its duty to Central but Central breached no duty it owed to B & B. Thus, the rule distilled from a myriad of cases considered in *Austin Road Company v. Evans*, 499 S.W.2d 194, 200 (Tex.Civ. App.—Fort Worth 1973, writ ref'd n. r. e.), is applicable. We say, as did the court in *Evans*: ". . . Mrs. Evans having breached no duty to Austin Road Company is entitled to impose the ultimate liability to pay the amount of the McEneny and Carson damages upon the Austin Road Company." See also *City of Denton v. Mathes*, 528 S.W.2d 625, 631 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n. r. e.).

Dean Keeton, commenting upon *Austin Road Co. v. Pope*, supra, used this language in "Annual Survey of Texas Law, Torts", *32 SW.L.J. 1, 13 (1978)*:

> "That decision adopted instead a rule that if one co-tortfeasor breached duty owed only to the plaintiff, but the other breached a duty owed both to his co-tortfeasor and to the plaintiff, the latter tortfeasor had the obligation of indemnifying the former."

Additionally, as held in *Atchison, Topeka and Santa Fe Railway v. Smith*, 563 S.W.2d 660, 668 (Tex.Civ.App.—Waco 1978, writ ref'd n. r. e.), B & B was liable to Central

---

1. Assuming the truckers deposited the mud on the highway, *Tex.Rev.Civ.Stat.Ann. art. 6701d, § 103(a) (1977)*, required the truckers to "immediately remove the same or cause it to be removed."

under the doctrine of common law indemnity as construed by several Supreme Court decisions cited in the opinion. B & B's first two points are overruled.

■ Next, B & B argues that the evidence is legally and factually insufficient to support the jury's findings in answer to Special Issues Nos. 4 and 5. Although the jury found that Central failed to keep its vehicle completely within its right side of the highway (No. 3), it refused to find that such was either negligence (No. 4), or a proximate cause of the collision (No. 5).

We will review the points under the standards set out earlier. And, having done so, we overrule points three, four, five and six for the reasons now to be stated.

B & B argues that Central was guilty of statutory negligence—negligence per se—in violating *Tex.Rev.Civ.Stat.Ann. art. 6701d, §§ 52, 53 (1977)*, in failing to keep its vehicle upon the right hand side of the highway. It cites in support of its contention, language found in *Missouri Pacific Railroad Co. v. American Statesman*, 552 S.W.2d 99, 102 (Tex.1977):

"The rule is also well settled in Texas that one who seeks to excuse a statutory violation must present some evidence of a permissible excuse for his statutory violation."

We recognize the continuing vitality of the rule enunciated in *L. M. B. Corporation v. Gurecky*, 501 S.W.2d 300 (Tex.1973), and *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972). We do not, however, find the rule to be applicable in the case at bar.

The jury simply failed to answer the two questions now under consideration. See *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966). The two issues were primary issues between plaintiff and Central and plaintiff makes no complaint as to the findings of the jury. Answers to the two issues—as between Central and B & B—are not material. Had both been answered adversely to Central, such answers could not have affected B & B's liability to Central under the rationale of *Colonial Savings Ass'n v. Taylor*, supra (544 S.W.2d at 119). Points three, four, five, and six are overruled.

### B & B's Appeal as to the Truckers

■ Finally, by points of error seven, eight and nine, B & B contends that the trial court erred in granting the motion for peremptory instruction filed on behalf of the truckers who used the dirt pit and who may have cast the mud on the highway.[2] As noted earlier, B & B's officer and dominant stockholder testified to facts which destroyed B & B's contentions. We reproduce this statement from Trucker Smith's brief which, after reviewing the record, we find to be accurate:

"As noted earlier, B & B, through the testimony of its co-owner and officer, Mr. Coy Burroughs, admitted (repeatedly) its complete responsibility for cleaning any mud deposited on the highway; admitted that it was not the truck driver's (including Smith) responsibility to clean the mud; admitted that the truck drivers rightfully relied upon B & B to clean the mud; and admitted that on the date of the accident, and prior to the accident, B & B actually undertook such cleaning, after the truck drivers (including Smith) had left the work site.

"B & B through its owner, Coy Burroughs, went on to expressly and unequivocally admit that the drivers (including Smith) acted as 'reasonably prudent truck driver(s)' in relying upon B & B to clean the roadway."

These were judicial admissions and are conclusive and binding upon B & B. In *Gevinson v. Manhattan Construction Co. of Oklahoma*, 449 S.W.2d 458, 466 (Tex.1969), the Court disposed of a similar contention, saying:

---

**2.** The points of error challenge the action of the court as to James Gautreaux, Kirk Smith, and David Rodriguez. Only Smith has filed a brief; but, from our review of the record, the failure of Gautreaux and Rodriguez to file briefs is not material. Smith's brief adequately answers B & B's contentions addressed to the common questions.

"The testimonial declarations of a party are occasionally held to be equally conclusive on the theory that it would be absurd and manifestly unjust to allow a party to recover after he has clearly and unequivocally sworn himself out of court."

Coy Burroughs swore his company, B & B, out of court insofar as his claim against the truckers is concerned. The present complaints are without merit and the last three points of error are overruled.

The judgment of the trial court is affirmed.