Delores WILLIAMS, Appellant,

v.

3 BEALL BROTHERS 3 INC., Appellee.

No. 8713.

Court of Appeals of Texas,
Beaumont.

Feb. 18, 1982.

Rehearing Denied March 4, 1982.

John L. Fulbright, Beaumont, for appellant.

Ranelle Moore Meroney, Beaumont, for appellee.

DIES, Chief Justice.

Plaintiff below, Delores Williams, sued defendant below to recover damages for personal injuries alleged to have been sustained by reason of a defective shoe which she purchased from defendant in June of 1978. After a jury verdict, judgment was entered for plaintiff in the amount of $2,150; she (plaintiff) brings this appeal on two points of error. First, she urges the damages should have been trebled as required by *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977), and *Flintkote Supply Co. v. Thompson*, 607 S.W.2d 41 (Tex.Civ.App.—Beaumont 1980, no writ).

■ This suit was filed, and the acts complained of occurred prior to the effective date of the 1979 amendments to the Texas Deceptive Trade Practices Act, *Tex. Bus. & Com.Code Ann. § 17.41*, et seq. (1973). Therefore, the 1977 version of that Act applies to this lawsuit. Section 17.50A provided:

"In an action brought under Section 17.50 of this subchapter, actual damages only ... may be awarded where the defendant:

"(2) proves that he had no written notice of the consumer's complaint before suit was filed...."

Such was the situation in the case at bar; hence, this point of error is overruled.

■ Plaintiff's final point of error urges the trial court should have awarded her medical expenses for $703.65. The situation

is thus: The defendant read the plaintiff's answer to an interrogatory in which she gave this figure. This, plaintiff contends, was a judicial admission, citing us *Central Freight Lines v. Pride*, 588 S.W.2d 832, 836–837 [Tex.Civ.App.—Beaumont 1979, rev'd on other grounds, 603 S.W.2d 814 (Tex. 1980)]; *Tumblewood Bowling Corp. v. Matise*, 388 S.W.2d 479 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.); *Jones v. Underwood and Weld Company*, 406 S.W.2d 491 (Tex.Civ.App.—Beaumont 1966, no writ).

In *Central Freight Lines v. Pride*, supra, we said (at 836):

> "B & B through its owner, Coy Burroughs, went on to expressly and unequivocally admit that the driver (including Smith) acted as 'reasonably prudent truck drivers in relying upon B & B to clean the roadway.'
>
> "These were judicial admissions and are conclusive and binding upon B & B." [Citing *Gevinson v. Manhattan Construction Co. of Okl.*, 449 S.W.2d 458, 466 (Tex.1969)].

In *Tumblewood Bowling Corp. v. Matise*, supra, we held that admissions of an appellee during a trial were binding where admissions were not subsequently modified or explained. And in *Jones v. Underwood and Weld Company*, supra, this court said (at 493): "[W]here a litigant admits positive facts which, if true, would defeat his right to recover and such admissions are not subsequently modified by the litigant that he or she is conclusively bound by such admissions and cannot successfully complain if the trial court directs a verdict against the litigant."

But, these cases are a far cry from the situation we face in the case at bar.

In *United States Fidelity and Guaranty Co. v. Carr*, 242 S.W.2d 224, 228 (Tex.Civ. App.—San Antonio 1951, writ ref'd), Wigmore is quoted as follows:

> " 'It is of the nature of an admission, plainly, that it be by intention an act of waiver, relating to the opponent's proof of the fact, and not merely a statement of assertion or concession, made for some independent purpose; in particular, a statement made for the purpose of giving testimony is not a judicial admission.' "

In *Mahoney v. Mahoney*, 103 S.W.2d 459, 462 (Tex.Civ.App.—Amarillo 1937, writ ref'd), judicial admission has been defined as a "waiver of proof." We are unwilling to hold that defendant waived plaintiff's burden to prove her medical expenses merely by introducing interrogatories in which such claim was made. This point is overruled.

The judgment of the trial court is affirmed.

**AFFIRMED.**